J. R. Green v. The State.

No. 3851.	Decided November 6, 1907.

1.—**Murder in Second Degree—Manslaughter—Singling out Evidence—Charge Refused.**

It is never proper for a court to single out any portion of the evidence and predicate thereon a charge on manslaughter; and where the court properly charged that the jury could consider all the antecedent causes, enumerating them, in passing upon the question as to whether the defendant's mind was capable of cool reflection, there was no error in refusing a requested charge with reference to insulting language.

2.—**Same—Insulting Language to Wife—Charge Refused.**

Where upon trial for murder, the court had properly charged as to insulting conduct and language of deceased towards defendant's wife as adequate cause, there was no error in refusing the requested charge on the same subject.

**3.—Same—Charge Must be Considered as a Whole—Self-Defense.**

Where upon trial for murder, the court's charge presents every possible phase of self-defense suggested by the evidence, and read as a whole presents no error, criticisms of isolated portions thereof will not be considered on appeal.

**4.—Same—Charge of Court—Reasonable Doubt—Degrees of Culpable Homicide.**

The failure of the court to apply reasonable doubt between the degrees of culpable homicide is not error. However, where the court does so charge defendant cannot complain.

**5.—Same—Charge of Court—Omission of Word.**

Where upon trial for murder, the jury could not possibly have been misled by an omission in the court's charge of the word "mind," preceding the sentence, "incapable of cool reflection," there was no error, especially when read in the light of the whole charge.

Appeal from the District Court of Titus. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*S. F. Caldwell* and *S. P. Pounders,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, the punishment assessed being seven years confinement in the penitentiary.

This is the second appeal of this case; the former appeal will be found in 98 S. W. Rep., 1059.

Appellant requested the court to give the following charge, which was refused: "I charge you that if you find from the evidence, beyond a reasonable doubt, that the defendant is guilty of some grade of culpable homicide and do not find that he was justifiable in killing the deceased on the ground of self-defense, and if you have a reasonable doubt as to the motive which prompted the defendant to kill the deceased, that is whether the motive was the insulting language of the deceased or some other cause, then you will resolve the doubt in favor of the defendant and find the defendant guilty of manslaughter only." It was not error for the court to refuse this charge. It is never proper for a court to single out any portion of the evidence and predicate a manslaughter charge upon said portion. The court properly charged the jury that in considering the question as to whether appellant was guilty of the offense of manslaughter, they would consider all the antecedent causes, enumerating them, in passing upon the question as to whether his mind was capable of cool reflection. Among other causes, the court stated positively to the jury that an insult to a female relative would be adequate cause. The court's charge was very full on the subject, and it was not error to refuse the charge complained of.

Appellant insists the court erred in refusing the following charge:

"If you believe from the evidence that the defendant and his wife had been separated previous to the killing of Dennis Ore, and that the defendant's wife had told him that the deceased, Dennis Ore, had tried to get her not to come back and live with him. And if you further find that the deceased went to the defendant's house on the day of the difficulty and used insulting language concerning and about his, defendant's wife, then in determining whether or not there was adequate cause to reduce the killing from murder to manslaughter you will take into consideration all the facts in evidence including the former conduct of the deceased towards the defendant's wife, if any, and it would make no difference whether the deceased had in fact told the defendant's wife not to go back and live with him or not. If she had told the defendant that he had and the defendant believed it, and if from all these facts and circumstances are in your opinion sufficient to render the defendant's mind incapable of cool reflection then defendant would be guilty of no higher grade of offense than manslaughter." As far as proper this charge was covered by the main charge of the 'court, as stated above.

In his motion for a new trial appellant complains of the following charge of the court: "But if you believe that the piece of wood was an instrument not likely to produce death ordinarily, still if you believe from the manner in which it was used by the defendant it evidently appears that the defendant intended to kill the deceased, then you will find him guilty either of murder in the second degree, or of manslaughter according to the other facts in the case as you may find them and as to the law you will be governed by this charge where it defines to you the law of murder in the second degree and the law of manslaughter." Appellant's criticism on this charge is that the same ignores defendant's right of self-defense which he relied upon as is shown by the evidence in the case, in this, it instructed the jury that if the defendant struck the deceased with a piece of wood with intent to kill him he would be guilty either of murder in the second degree or manslaughter, when, in fact, under the law he had a right to strike the deceased with intent to kill if at the very time he struck him the deceased was making a deadly assault on the defendant with a pocket knife. And the third ground of the motion for a new trial complains of the court's charge wherein he tells the jury that "if the defendant acted under the influence of sudden passion and struck the deceased with a piece of wood with intent to kill him, he would be guilty of manslaughter, and you will look to the law as heretofore given you in defining that offense." This charge is also objected to on the ground that it ignores defendant's right of self-defense at the time of the killing. We do not deem it necessary to copy the charge in full in order to answer this criticism, but will say that it presents every possible phase of self-defense suggested by the evidence in the aptest words, and the charge must be taken as a whole, and when read in the light of other portions of the charge no such deductions as appellant complains of could have been

drawn by an intelligent jury. The charge must be looked to as a whole, and it is not proper to select out certain portions and consider said portions without reference to the entire charge. See McDaniel v. State, 32 Texas Crim. Rep., 16; Neel v. State, 33 Texas Crim. Rep., 408; Harrell v. State, 39 Texas Crim. Rep., 204; Smith v. State, 40 Texas Crim. Rep., 391, and Monticue v. State, 40 Texas Crim. Rep., 528. When the charge is considered as an entirety, and if found good, when considered, this court will not indulge any criticisms of isolated portions thereof.

Appellant's 4th and 5th grounds of his motion for a new trial complains that the court did not charge on reasonable doubt between the degrees of murder. The court charged on murder in the second degree, manslaughter, aggravated assault and self-defense, and an inspection of the charge shows that the court did charge upon reasonable doubt between the degrees. Furthermore, we have held that the failure of the court to apply reasonable doubt between the degrees of culpable homicide is not error. See Cockerell v. State, 32 Texas Crim. Rep., 585, and Hall v. State, 28 Texas Crim. App., 146.

The 6th ground of the motion is to the following charge of the court: "If you believe from the evidence beyond a reasonable doubt that the defendant with the intent to kill struck the said Dennis Ore with a piece of wood and thereby killed him, but at the time of so doing the said Dennis Ore had made an attack on him, but you find that the said defendant was not justified in so doing on the grounds of self-defense as that law is given to you in this charge but you believe that such attack of said Ore on defendant under all the facts and circumstances in evidence in this case would commonly have produced a degree of anger, rage, resentment or terror in a person of ordinary temper sufficient to render the ——— incapable of cool reflection, then such attack would be adequate cause to reduce the killing to the grade of manslaughter." Appellant insists that by the omission of the word "mind" in the above blank renders the charge unintelligible. We do not think the jury could possibly have been misled by this charge. Evidently, in reading the charge, the learned trial court read the word "mind" in the blank complained of, and whether he did or did not, the mind of any juror would instinctively, in the light of the context, insert the word "mind," knowing that it was the sheerest inadvertence that omitted the word. Furthermore, the whole charge is replete with the thought and suggestion that if the defendant killed upon sudden passion, he would not be guilty of any higher offense than manslaughter. This phase of the law was properly charged, and the mere omission of a word would not, in the charge above complained of, authorize a reversal of this case.

We have passed upon all of appellant's complaints in this record, and must say that we find no error in this record; that the evidence amply supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.