### W. J. OVERCASH v. THE STATE.

#### No. 1630.  Decided June 19, 1912.

**1.—Murder—Charge of Court—Murder in the Second Degree—Implied Malice.**

Where, upon trial for murder, the court's charge on murder in the second degree was in approved form, and correctly defined implied malice as applicable to the evidence and instructed the jury that if they so found beyond a reasonable doubt defendant would be guilty of murder in the second degree, there was no error. Following Miller v. State, 32 Texas Crim. Rep., 319, and other cases.

**2.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the court in his charge on manslaughter correctly defined that offense, and instructed the jury that if they believed beyond a reasonable doubt that the killing took place under such circumstances and not in his lawful defense they should convict defendant for manslaughter, there was no error, when the charge is considered as a whole, in connection with the charge on self-defense and the burden of proof.

**3.—Same—Charge of Court—Burden of Proof.**

Where, upon trial for murder, the court correctly submitted the reasonable doubt and that the burden rests upon the State to establish the guilt of defendant by legal evidence beyond a reasonable doubt, there was no error.

**4.—Same—Charge of Court—Continuing Danger.**

Where, upon trial for murder, the evidence showed that the fatal shot was the first one fired by the defendant, and it further appeared that additional shots were fired while deceased was apparently retreating, the court correctly charged that the defendant had the right to continue to fire so long as danger, real or apparent, considered from defendant's standpoint, continued to exist.

**5.—Same.—Charge as a Whole—Burden of Proof.**

Where appellant contended that the court's charge shifted the burden of proof, and such charge might bear such construction when taking an isolated sentence, yet when the charge was considered as a whole it did not appear that appellant had been denied the reasonable doubt as to his guilt, nor as between the degree of the offense, and followed approved precedent, there was no error. Following Miller v. State, 32 Texas Crim. Rep., 319.

**6.—Same—Charge of Court—Self-Defense—Officer—Arrest.**

Where, upon trial for murder, the evidence showed that defendant and his companion knew the object of the visit of deceased and his deputy to be the arrest of his companion, the court correctly charged on this phase of the case. Distinguishing Owen v. State, 58 Texas Crim. Rep., 261.

**7.—Same—Charge of Court—Defendant's Standpoint—Actual and Apparent Danger—Deadly Weapon.**

Where, upon trial of murder, the court's charge on self-defense presented the question both from the standpoint of actual and apparent danger from defendant's standpoint, and that of his companion, and also as to the presumption of the use by deceased of a deadly weapon and as to the intent of deceased; there was no reversible error.

**8.—Same—Charge of Court—Presumption of Innocence—Reasonable Doubt.**

Where, upon trial for murder, the court in his charge to the jury used the language of the Code of Criminal Procedure, article 785, in submitting the question of the presumption of innocence and reasonable doubt, there was no error. Distinguishing Comegys v. State, 62 Texas Crim. Rep., 231, and other cases.

**9.—Same—Charge of Court—Burden of Proof.**

Where, upon trial for murder, the court in his charge, immediately following the charge on self-defense, instructed the jury that the burden rests upon the State to establish the guilt of the defendant by legal evidence beyond a reasonable doubt, and if after considering all of the evidence before the jury they had a reasonable doubt of his guilt to acquit, there was no error. Distinguishing Shamberger v. State, 6 S. W. Rep., 540.

**10.—Same—Charge of Court—Burden of Proof.**

Where, upon trial of murder, the court when applying the law of self-defense instructed the jury not only if they believed from the evidence the given state of facts but if they had a reasonable doubt thereof to acquit, this did not shift the burden of proof. Following Harris v. State, 55 Texas Crim. Rep., 469. Distinguishing Maloney v. State, 57 Texas Crim. Rep., 435.

**11.—Same—Charge of Court—Reasonable Doubt.**

It has always been held that where the court in his charge instructs the jury as to reasonable doubt, as to the degrees of murder submitted this is sufficient, and where the court instructed the jury that the reasonable doubt applied between the different offenses comprised in the indictment, and to convict of the lower offense in case of a reasonable doubt, there was no error. Following Green v. State, 52 Texas Crim. Rep., 47.

**12.—Same—Reasonable Doubt—Charge of Court—Degrees of Offense.**

This court has always held that when the charge of the court, considered as a whole, applies the doctrine of reasonable doubt as between degrees in a homicide, and then applies the reasonable doubt to the whole case this will be sufficient.

Appeal from the District Court of Haskell. Tried below before the Hon. John B. Thomas.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Oliver, Helton & Murchison, Ben Reynolds* and *Goodson & Goodson,* for appellant.—The court's charge loaded down every defensive theory with an instruction, that before such defensive theory could avail the defendant, the jury must find or believe the defensive facts supporting such theory; this was error: Moore v. State, 13 S. W. Rep., 152; Smith v. State, 9 Texas Crim. App., 150; Robertson v. State, id., 209; Blocker v. State, id., 279; Wallace v. State, id., 299; Graham v. State, 61 S. W. Rep., 714; Henderson v. State, 101 S. W. Rep., 245; Stewart v. State, 101 S. W. Rep., 800; Moody v. State, 105 S. W. Rep., 1127; Rutherford v. State, 88 S. W. Rep., 810; Bird v. State, 90 S. W. Rep., 651; Vann v. State, 77 S. W. Rep., 813; Bennett v. State, 17 S. W. Rep., 545; Johnson v. State, 17 S. W. Rep., 1070; s. c. 15 S. W. Rep., 647; Crook v. State, 11 S. W. Rep., 444, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, *Jas. P. Stinson,* District-Attorney, *T. J. Wright, Jas. P. Kinnard* and *Higgins, Hamilton & Taylor,* for the State.

On the question of presumption of innocence and reasonable doubt in connection with court's charge on murder in the second degree: Miller v. State, 32 Texas Crim. Rep., 319; Thomas v. State, 45 id., 111; Clark v. State, 120 S. W. Rep., 179; Waters v. State, 114 S. W. Rep., 628.

On court's charge on reasonable doubt: Black v. State, 1 Texas Crim. App., 368; Priesmuth v. State, id., 480; Hampton v. State, id., 652; May v. State, 6 id., 191; Reid v. State, 9 id., 472; Robertson v. State, 10 id., 602; Hurley v. State, 35 Texas Crim. Rep., 282; Thompson v. State, 37 id., 227; Williams v. State, 30 Texas Crim. App., 429; Ball v. State, 29 id., 107.

HARPER, JUDGE.—Appellant was indicted for murder, and when tried he was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary.

This is a companion case of Condron v. State, 62 Texas Crim. Rep., 485, 138 S. W. Rep., 594, and the facts are, in the main, the same. It was in evidence that deceased had a warrant commanding him to arrest A. O. Condron upon the charge of unlawfully carrying a pistol. In addition to the testimony on the former trial in this case it is shown that just a short time before the homicide appellant was seen loading firearms, and the testimony was perhaps more emphatic in showing ill will existing between appellant and the deceased sheriff.

The evidence for the State would show that when appellant and Condron saw deceased and deputy sheriff Nichols coming, they retired into the feed store and armed themselves, one with a shotgun and the other with a pistol, and the testimony would prove that appellant killed deceased, shooting him with the shotgun. There is a sharp conflict in the testimony as to who fired the first shot, and the incidents attendant upon the opening of hostilities. The State's evidence would make it clear that when appellant and Condron saw the officers coming Condron remarks, "Yonder comes the God damn sons of bitches now," when they armed themselves. That when Sheriff Spurlock and his deputy approached the feed store, Sheriff Spurlock said to Mr. Condron: "Albert, I have a writ for your arrest," and Condron replied, "By God, get away from here with it." When Condron made that remark he just motioned his left hand, that way (demonstrating). When Overcash said, 'Don't come another damn step,' Nichols says he and Spurlock did not do anything as they had stopped at that time. Immediately after Condron had said, 'Take the damned thing and get away from here,' then Overcash started to rise up out of his chair, and when he got something about half straight he shot with a shotgun." A number of witnesses for the State say that the shotgun fired first, while the witnesses for appellant are equally as positive and say that the pistol was first fired by Sheriff Spurlock, and the appellant's testimony would indicate the officers did not make known their mission.

The grounds in the motion for new trial assail almost each and every paragraph of the charge of the court. No special charges were requested, and no exceptions reserved to the introduction of testimony.

1. The charge on murder in the second degree is assailed on the ground that it denies to defendant the presumption of innocence and the reasonable doubt on the testimony, in that the jury are instructed to convict defendant of murder in the second degree unless they believe that the evidence tends to reduce the offense to manslaughter. The paragraph criticised reads:

"If you believe from the evidence in this case beyond a reasonable doubt that in Throckmorton County, Texas, on or about the first day of October, A. D. 1910, W. J. Overcash, did unlawfully kill J. G. Spurlock by shooting him with a gun, but should not believe from the evidence beyond a reasonable doubt, that the killing was done with express malice (as hereinbefore defined) and unless you believe that the evidence under the law as given you in this charge tends to reduce the offense to manslaughter, or to justify, mitigate or excuse the defendant's act then from such unlawful and intentional killing, the law would imply malice, and the killing would be upon implied malice, and would be murder in the second degree, and if you so find beyond a reasonable doubt you will convict the defendant of murder of the second degree and assess his punishment at confinement in the

penitentiary for any number of years you may agree upon, provided it be for not less than five."

This paragraph is a virtual copy of the charge on murder in the second degree approved by this court in Miller v. State, 32 Texas Crim. Rep., 319. It correctly defines implied malice as applicable to the evidence and in the remaining portions of the charge tells the jury "if they so find beyond a reasonable doubt" defendant would be guilty of murder in the second degree. We have carefully read the authorities, among them Smith v. State, 9 Texas Crim. App., 150, and other cases in that volume cited by appellant, and they do not sustain his contention. In the case of Best v. State, 58 Texas Crim. Rep., 330, this court laid down a form and recommended its use, and in it used almost the exact language criticised in this charge. See also Barton v. State, 53 Texas Crim. Rep., 445; McGrath v. State, 35 Texas Crim. Rep., 424; Carson v. State, 57 Texas Crim. Rep., 396; Smith v. State, 45 Texas Crim. Rep., 553; Pratt v. State, 59 Texas Crim. Rep., 167, 127 S. W. Rep., 828; Douglass v. State, 8 Texas Crim. App., 520; Thomas v. State, 45 Texas Crim. Rep., 111; Clark v. State, 56 Texas Crim. Rep., 293, 120 S. W. Rep., 179; Waters v. State, 54 Texas Crim. Rep., 322, 114 S. W. Rep., 628.

2. The court in his charge on manslaughter correctly defined that offense, and instructed the jury that if they believed beyond a reasonable doubt that the killing took place under such circumstances, (and not in his lawful self-defense) they would convict him of manslaughter. The criticism is again made that this shifts the burden to defendant to show that the killing was in self-defense. The court gave a full and complete charge on self-defense as applicable to the facts, and when we read the charge as a whole it is not subject to this criticism. This form of charge has been so frequently approved we hardly deem it necessary to cite the authorities, but see Clark v. State, 56 Texas Crim. Rep., 293, 120 S. W. Rep., 179, and authorities above cited. These decisions also apply to the third, fourth, fifth and sixth grounds of appellant's motion for a new trial, and these paragraphs of the charge do not place the burden of proof upon appellant, nor deny him of any of his rights. When we read the charge as a whole it places the entire burden upon the State to prove defendant guilty of any offense, and correctly presents manslaughter as a defense to the charge of murder, as well as the right to be acquitted if he acted in defense of himself from what it reasonably appeared to him to be danger threatening his life or some serious bodily injury. As applicable to many of the questions presented in the first six assignments we would call attention to the fact that the court charged the jury: "The burden rests upon the State to establish the guilt of the defendant by legal evidence beyond a reasonable doubt; and if after considering all of the evidence before you, you have a reasonable doubt of his guilt, you will acquit him; but if the evidence satisfies your minds beyond a reasonable doubt, of the guilt of the defendant as charged in the in-

dictment, then you will convict him and ascertain from the evidence, under the charge of the court, the grade or degree of the offense under the indictment, of which he is guilty, and assess his punishment therefor accordingly.

"You are further instructed that the reasonable doubt also applies between the different offenses comprised in the indictment; so if you find the defendant guilty, and have a reasonable doubt under the evidence as to what offense he has been guilty of, if any, you will resolve such doubt in favor of the defendant, and find him guilty of the lesser and lower offense as between such offenses as you may be in doubt concerning.

"The defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a reasonable doubt as to his guilt of any offense comprised in the indictment, you will acquit the defendant."

3.   In the seventh ground of the motion for new trial it is insisted that the court erred in the following paragraph of his charge:   "If you believe from the evidence under the foregoing charges of the court upon the law of self-defense, that the defendant, or Condron, was justified in firing the shot that killed the deceased Spurlock, if any, then you are instructed that the subsequent shots fired by the defendant, if any, are immaterial, and that the defendant had the right to continue to fire so long as danger, real or apparent, considered from the defendant's standpoint, continued to exist."   Under the evidence in this case this charge was peculiarly applicable, and it would perhaps have been error not to have given it.   The evidence would show that the fatal shot was the first one fired by appellant, and it further appearing that additional shots were fired while deceased was apparently retreating, if this charge had not been given, appellant perhaps could have complained that the subsequent shots might have had weight with the jury in making up their verdict.   (Branch's Crim. Law, section 452.)   All the facts and circumstances which are claimed or would have justified appellant are testified to as occurring prior to the first shot by him, and this charge is as favorable as he could have requested. The motion for a new trial as a whole is a criticism of the different paragraphs of the charge of the court, insisting that in each of them the burden of proof is shifted; that defendant is denied the presumption of innocence and of reasonable doubt as to the different issues presented.   We do not deem it necessary to take up and discuss each of such assignments, for it would be but a repetition, and we do not. think when the charge is read as a whole such criticisms have any merit.   To take one isolated sentence, such construction might be given to that sentence, but take the connection in which such sentence is given, and the charge in full, it does not appear that appellant has been denied the reasonable doubt as to his innocence, nor as between the degrees of the offense.   The charge is a virtual copy of the charge

in the case of Miller v. State, 32 Texas Crim. Rep., 319, and which charge is copied in that volume of the reports, and which was pronounced by Judge Hurt as an admirable application of the law in this character of case.

We are cited to the case of Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W. Rep., 406, and other cases. But the facts in this case do not bring this case within the rule there announced. In this case it is shown that appellant and Condron knew that deceased was sheriff of the county; in fact, Condron had made the race against him. It was further shown that appellant and Condron knew the object of the visit of deceased and his deputy, for in addition to Nichols testifying that the first words that passed was the officer telling them he had a warrant for the arrest of Condron, it was shown by Devall that just prior to the officers coming down to the feed store when he told appellant and Condron that "it looks like the officers are getting busy up town," Condron replied, in the presence of appellant: " 'Well, there is just one thing sure, by God, they can't talk to me this evening, they can talk to me Monday morning, but they can't talk to me this evenning; me and Spurlock run for sheriff here one time and he beat me, and he may be a better man one way, but by God he ain't no other way.' Condron went on and said, 'As far as that God damned long legged Nichols, he can't talk to me at all.' " The witness further testified that just after making this remark Condron looked toward the courthouse and said: "There comes the God damned sons of bitches now," when both he and appellant got up and went in the feed store, where it is shown there was a shotgun and pistol. This witness further says that the first report he heard right after this was a shotgun, and appellant is shown to be the man who had a shotgun on that day. While there is some conflict as to the character of gun that was first fired, there can be no contention made under the evidence in this case, but what the conversation detailed by Devall took place, or that the remarks were made were as herein copied. Thus it is shown that appellant and Condron knew that deceased was an officer, and were aware of his mission in coming to the feed store, therefore, the cases cited by appellant are not in point. It is true this information would not deprive them of the right to defend themselves if the officers by their acts or conduct led appellant to believe that his life was in danger, but every theory of defense as made by the testimony was fairly and fully presented in the charge of the court.

Paragraph nineteen did not limit appellant's rights to the grounds therein stated, but this with the other paragraphs presented every phase of the law as applicable to his defense, and paragraph nineteen, when read in connection with paragraph thirty-two, where nineteen is applied, presents the question both from the standpoint of actual and apparent danger. In other paragraphs the court charged the jury:

"If you believe from the evidence that the defendant, W. J. Over-

cash, did kill the deceased at the time, place and in the manner charged in this indictment, but should further believe from the evidence that at the time W. J. Overcash fired with a shotgun, the first shot fired by him, if you believe he fired any shot, that the sheriff or his deputy were attempting to use upon him or A. O. Condron, a deadly weapon, or by some act done by said Spurlock or Nichols at the time, reasonably indicated to the defendant and created in the mind of the defendant, a reasonable expectation or fear, that they were or either of them was, about to make an unlawful attack upon the defendant, or upon A. O. Condron, with a deadly weapon calculated to produce death or serious bodily injury, then it would be presumed from such acts that they intended to make use of such weapon to kill the defendant, or said Condron, or to inflict serious bodily injury upon him, or them, and you will in such case, if you so believe, acquit the defendant as having acted in self-defense, or in defense of another.

"If the acts of Spurlock or Nichols were such as to justify the defendant in killing Spurlock, under the law of self-defense, as given you in charge, then neither the defendant nor Condron under the law were required to retreat in order to avoid the necessity of killing the deceased.

"If you believe from the evidence that the deceased Spurlock and L. W. Nichols when they appeared in sight of the defendant before the door of his grain store, by some act done by them or either of them, indicated a present purpose and an immediate intention to use upon the defendant or O. A. Condron a weapon or weapons which might probably cause death or serious bodily injury to either the defendant or O. A. Condron, or if the acts of said Spurlock or Nichols, either when taken alone or in connection with all the other facts and circumstances in evidence, reasonably so appeared to the defendant at the time, from his standpoint, and said acts of the deceased or Nichols at the time were reasonably calculated to create in the mind of the defendant, and did create in his mind, the reasonable expectation or fear of death, or serious bodily injury to him or Condron, and if you find then and there, the defendant, moved by such reasonable expectation or fear (if he was so moved) of death or serious bodily injury, killed the said Spurlock, then the killing was under the law justified as done in his lawful self-defense, or in defense of another, and you will acquit him, if you so believe or have a reasonable doubt thereof, even though the danger was not actual but apparently so; provided the danger reasonably appeared to the defendant, under all the facts and circumstances at the time, to be real or actual, viewed from the defendant's standpoint."

After carefully reviewing each assignment of error, and reading the charge, we are of the opinion that the trial judge very aptly and correctly applied the law to the evidence in this case, and there is no error which would call for a reversal of the case. Even if there were some verbal inaccuracies, yet the evidence in this case would show that

appellant was guilty of murder in the second degree or acted in his necessary self-defense, and the court fairly submitted that issue.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 19, 1912.

HARPER, JUDGE.—Appellant has filed an able brief in connection with his motion for rehearing, and cites us to many cases. We did not take up and analyze each decision cited by him in the original opinion. Appellant, while he does not dispute that the charge given in this case is almost an exact copy of the charge given in the Miller case, cited in the original opinion, yet he insists that the opinion in that case and the opinion in this case, and cases cited herein, are in conflict with some other decisions of this court. He cites us to the cases of Smith v. State, 9 Texas Crim. App., 150; Robertson v. State, 9 Texas Crim. App., 209; Blocker v. State, 9 Texas Crim. App., 279; Wallace v. State, 9 Texas Crim. App., 299. By reference to all those cases it will be seen that the court was criticising the definition of reasonable doubt as given. In this case the court did not give any definition of reasonable doubt, but charged the jury: "The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and if you have a reasonable doubt as to his guilt of any offense comprised in the indictment, you will acquit the defendant." This charge is in the language of the Code of Criminal Procedure (article 785) and is in conformity with the decisions above cited by him. He also refers us to the case of Comegys v. State, 62 Texas Crim. Rep., 231, 137 S. W. Rep., 349, an opinion rendered by the writer of this opinion. In this case in applying the law of reasonable doubt to the whole case the language appended to it in the Comegys case is not used by the court, but the law is given as laid down by the Code, which all the decisions say is the better practice.

We are next referred to the Shamberger case, 6 S. W. Rep., 540, in which the court said the charge in that case required the jury to believe that the defendant was not guilty; that he did not kill the deceased, but that deceased killed herself. If the charge did it was erroneous as held by the court. In this case the burden is not placed on defendant to prove any fact, but the court specifically instructed the jury: "The burden rests upon the State to establish the guilt of the defendant by legal evidence beyond a reasonable doubt; and if after considering all of the evidence before you, you have a reasonable doubt of his guilt, you will acquit." This was given immediately following the charge on self-defense, copied in the original opinion, and in addition to the usual charge on presumption of innocence and reasonable doubt which was also given.

We are also cited to the case of Maloney v. State, 57 Texas Crim.

Rep., 425, 125 S. W. Rep., 36, in which the court held that as the charge of the court required the jury to find affirmatively that "defendant was acting in a peaceful manner" before they would be authorized to acquit. By reading the charge copied in the original opinion, that when the court applied the law of self-defense to the case he instructed the jury not only "if they believed from the evidence" the given state of facts but in said paragraph also instructed them or "you have a reasonable doubt thereof." This did not shift the burden of proof. All the other cases cited by appellant will be found cited in the case of Harris v. State, 55 Texas Crim. Rep., 469, 117 S. W. Rep., 839. We do not deem it necessary to discuss each of them, but by reference to each of them it will be seen that in each of the cases it was where the court required the jury to affirmatively find that the defendant on trial did or did not do a specific thing before he would be entitled to an acquittal, as in the Harris case the jury was instructed that before they would be authorized to acquit they must find that Harris *"did not* make an assault and *did not* put in fear, etc." The charge in this case is not subject to such criticism as will be seen by reading the charge copied in the original opinion. With the rule laid down in those cases that the charge on self-defense should not require it be affirmatively proven that the defendant did not do a certain act, before he would be entitled to an acquittal, we agree, and the charge in this case is in conformity with those decisions when read as a whole. As announcing the correct rule this court held in Powell v. State, 28 Texas Crim. App., 393: "With respect to the charge on threats and self-defense, the objection is urged that it required the jury to *believe* the facts existed which constituted self-defense before they could acquit defendant, whereas the law is that if they entertained a reasonable doubt of the existence of such facts they should acquit him. In this case the court charged the rule of reasonable doubt generally making it applicable to the whole case, and under repeated decisions of this court this was sufficient." This was an opinion by Judge Willson, in which he cited the opinion of Judge Hurt in the McCullough case, 23 Texas Crim. App., 636, in which the same rule was laid down and Ashlock v. State, 16 Texas Crim. App., 13.

In the case of Edens v. State, 41 Texas Crim. Rep., 524, where in the charge of the court on self-defense, the court said: "Appellant in his tenth bill of exceptions complains of the charge because said charge required the jury to find affirmatively from the evidence the existence of the facts necessary to constitute self-defense, and contends the court should have charged that if they believed said facts existed, or had a reasonable doubt thereof, they would find defendant not guilty. It is not necessary under the law of this State to place the charge of reasonable doubt at the end of each charge. We think the court's charge wherein he tells the jury 'Defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt and in case of a reasonable doubt in your minds as to defendant's

guilt you will acquit him, and say by your verdict not guilty,' is a sufficient application of the law of reasonable doubt to the different phases of the evidence." The charge in that case· was not near so favorable to the defendant as is the court's charge in this case. (See also Carroll v. State, 48 Texas Crim. Rep., 155; Hull v. State, 80 S. W. Rep., 380; Ford v. State, 56 S. W. Rep., 338; Matthews v. State, 42 Texas Crim. Rep., 46; Monceveis v. State, 70 S. W. Rep., 94; Gray v. State, 68 S. W. Rep., 799; McKay v. State, 32 Texas Crim. Rep., 238; Robinson v. State, 63 S. W. Rep., 870.) Many other cases might be cited laying down the same rule, and one can not read those paragraphs of the charge of the court copied in the original opinion presenting the defensive theory of defendant, and find where by any proper construction the burden of proof was shifted to defendant, but when read as a whole the charge fully tells the jury in no uncertain terms that the guilt of defendant must be proven beyond a reasonable doubt, and if they have a reasonable doubt as to his guilt or the truth of the defensive theory they will acquit. The defense was affirmatively presented in a clear and logical manner, and in terms frequently approved by this court. And the court at the conclusion of the charge on self-defense instructs the jury that the burden is upon the State to establish the guilt of defendant beyond a reasonable doubt, and if they have a reasonable doubt of his guilt they will acquit him. This was given in addition to the general charge on presumption of innocence and reasonable doubt.

As to the only other contention of appellant in his motion for rehearing, that the doctrine of reasonable doubt should have also been included in the paragraph of the charge on murder in the second degree, the paragraph on manslaughter, etc., he cites us no authority, and the decisions of this court are all against his contention. It has always been held that where the court in his charge instructs the jury as to reasonable doubt as to degrees submitted, this is sufficient, some cases holding that where a charge is requested, a failure to so charge will not present reversible error. (Frizzell v. State, 30 Texas Crim. Rep., 42; Hall v. State, 28 Texas Crim. App., 146; Green v. State, 52 Texas Crim. Rep., 46; Cockerell v. State, 32 Texas Crim. Rep., 585.) However, in this case, although no instructions were requested, the court did instruct the jury: "You are further instructed that the reasonable doubt also applies between the different offenses comprised in the indictment; so if you find the defendant guilty and have a reasonable doubt under the evidence as to what offense he has been guilty of, if any, you will resolve such doubt in favor of the defendant, and find him guilty of the lesser and lower offense as between such offenses as you may be in doubt concerning." This was followed by a charge that if they had a reasonable doubt of his guilt they would acquit him. This instruction has been approved in a number of cases. (Green v. State, 52 Texas Crim. Rep., 46; Wallace v. State, 97 S. W. Rep., 1051, and cases there cited.)

It has not been infrequently urged that this court should require that each paragraph of the court's charge specially apply the doctrine of reasonable doubt, but this the court has always declined to do, and has always held that when the charge as a whole applies to the doctrine of reasonable doubt as between degrees in a homicide case and then applies the reasonable doubt to the whole case, this will be sufficient. As said in some of the cases it might be a commendable practice for the trial courts to do so, but if not done and the charge is so drawn that the jury is informed that the burden is upon the State to prove its case beyond a reasonable doubt, and if they have a reasonable doubt as to defendant's guilt, and have a reasonable doubt as to the defensive theories, this court will not reverse the case. The part of the charge copied in the original opinion demonstrates that was done in this case.

The motion for rehearing is overruled.

*Overruled.*

Davidson, Presiding Judge, not sitting.