### D. W. POPE v. THE STATE.

No. 3262.    Decided October 21, 1914.

**1.—False Entry—Definition of Offense—Charge of Court.**

It takes two essential things to constitute the offense of making a false entry in an account book with intent to defraud, and where the court in his charge assumed that the entry was false and did not require the jury to find that it was false, the same was reversible error.

**2.—Same—Charge of Court—Burden of Proof.**

Where, upon trial of making a false entry in an account book with intent to defraud, the court's charge did not place the burden upon the defendant to prove his defense, there was no error on that ground. Following Overcash v. State, 67 Texas Crim. Rep., 181, and other cases.

**3.—Same—Charge of Court—False Entry—Form of Charge.**

Where, upon trial of making a false entry, etc., the court's charge designated the entry as the alleged false entry and instructed the jury in substance that even if it was made by the defendant, yet, if they further believed that

the same was the correct and proper entry, and they further believed that it was not made with intent to defraud, etc., to acquit, the same was reversible error. See form of charge suggested.

### 4.—Same—Correct Bookkeeping.

Where defendant was charged with making a false entry of money paid out for freight, etc., and contended that it was correct bookkeeping, but the facts showed that defendant took such money and appropriated the same to his own use, it will not be correct bookkeeping, but was a false entry.

### 5.—Same—Degrees of Offense—Felony—Misdemeanor.

The offense of making a false entry in an account book with intent to defraud is not an offense that has degrees, and although defendant may be convicted of a misdemeanor only, he may be convicted of a felony upon a new trial.

Appeal from the District Court of Potter. Tried below before the Hon. James N. Browning.

Appeal from a conviction of making a false entry in an account book with intent to defraud; penalty, a fine of $1000.

The opinion states the case.

*Reeder & Dooley,* for appellant.—On question of charging on the burden of proof: Randell v. State, 90 S. W. Rep., 1012; Kellogg v. State, 58 Texas Crim. Rep., 84, 124 S. W. Rep., 958; Murray v. State, 56 Texas Crim. Rep., 420, 120 S. W. Rep., 438; Snelling v. State, 57 Texas Crim. Rep., 416, 123 S. W. Rep., 610; Beard v. State, 57 Texas Crim. Rep., 323, 123 S. W. Rep., 147.

*C. E. Lane,* Assistant Attorney General, and *Henry C. Bishop* and *Crudgington & Works,* for the State.—On question of court's charge: Leach v. State, 81 S. W. Rep., 733; Hamor v. State, 60 Texas Crim. Rep., 341, 131 S. W. Rep., 813; Landrum v. State, 166 S. W. Rep., 726.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making a false entry in an account book with intent to defraud, and his punishment fixed at a fine of $1000.

The statute is (art. 1006, P. C.): "If any person with intent to defraud shall make . . . any false entry in any book kept as a book of accounts, he shall be" punished as prescribed.

The indictment alleged, in substance, that appellant was the bookkeeper of a grocery company,—a corporation,—in Amarillo on November 25, 1911; that on said date, with intent to defraud said company, he made in a certain book of accounts of said corporation this false entry: "Frt Car Cnd Goods Plv 363 56," which is alleged to mean, freight on a car of canned goods, Plainview, $363.56, and was false, because it shows and makes it appear from and by said entry that said corporation paid out to and on account of its branch house at Plainview said sum of money for and on account of freight charges due for that purpose, whereas, in truth and in fact the corporation did not pay to

nor for said branch house said sum of money, and that thereby said corporation lost said sum of money.

The evidence tends strongly to show, if it does not clearly do so, that said entry was false; that no such transaction occurred; that appellant himself converted that much money of the corporation to his own use and that he made said false entry for the purpose of covering up his unlawful appropriation. The proof also, without question, showed that appellant and no other made said entry.

It takes two essential things to constitute said offense: First, a false entry, and, second, that that entry was made with intent to defraud.

The court, in his charge, correctly stated the case and the statute, as well as other necessary matters. Then in submitting the case to the jury for a finding, in addition to the other matters, he required them to believe beyond a reasonable doubt that appellant was the bookkeeper for said grocery company, etc., and as such bookkeeper he, in said county, on or about said date, "did then and there, with intent to defraud the said Nobles Brothers Grocery Company, wilfully and knowingly make the alleged false entry in the book of accounts of said corporation in the manner and form set out in the indictment, then and in such case, you will find him guilty," etc. It will be seen by this that he correctly required the jury to believe that appellant intended to defraud. But appellant claims that by this charge the court assumed that the entry was false and did not require the jury to find that it was false. We think his contention is correct. There is no question but that the entry is "alleged" to be false. It might be conceded also that there is no question but that appellant made the entry, but the charge does not require the jury to find that the entry was false. The "alleged false entry, in the manner and form set out in the indictment" is a very different thing from the entry being false in the manner and form set out in the indictment. As contended for clearly and forcibly by appellant: "The vice in the charge is that it authorizes the conviction of this defendant in case the jury merely believes that he made the entry alleged by the State. Whether entry was made, and if so, whether it was false, are two independent and distinct things. It is undisputed in the record that appellant made the alleged entry, and therefore in response to the court's charge the jury not only might but should say that appellant made the 'alleged false entry,' but the conclusion that the appellant made such 'alleged false entry' does not by any means comprehend the further proposition that the entry was actually false. Under the court's charge the jury was at liberty to convict this defendant upon a finding that he made the 'alleged false entry' without the necessity of further finding that such entry was actually false." Appellant properly raised the question in various forms, and we think the charge is so radically wrong as to necessitate a reversal of the case.

Appellant also complains of the fifth paragraph of the court's charge, which is:

"If you believe from the evidence that the alleged false entry, set out in the indictment, was made by the defendant, but you further

believe that the same was correct and was a proper entry in the alleged book of accounts, and you further believe that it was not made with intent on defendant's part to defraud the said Nobles Brothers Grocery Company, then you will find him not guilty and return your verdict accordingly," contending that it placed the burden upon the appellant to prove his defense. We believe appellant's complaint against this charge, in view of the authorities, can not be sustained. Edens v. State, 41 Texas Crim. Rep., 522; Overcash v. State, 67 Texas Crim. Rep., 181, 148 S. W. Rep., 701, and authorities therein cited. However, there are other criticisms against this charge which we think make it improper to give on another trial. This charge designates the entry as the "alleged false entry," and tells the jury in substance that even if it was made by defendant, yet, if they further believe that the same was a correct and proper entry, *and* you further believe that it was not made with intent on defendant's part to defraud, etc., then to acquit. The question on this issue was not whether the entry was "correct and proper," but whether it was true or false; and it requires the jury to believe both that it was not only correct and proper but, *"and* you further believe that it was not made with intent on defendant's part to defraud." If it was a true entry, the fact that it may have been intended to defraud would not make appellant guilty. If it was made with intent to defraud and yet was a true and not a false entry, he would not be guilty.

While we do not pretend to lay down a form for this charge, to be followed on the next trial, yet, in order to illustrate what we are trying to show, we would suggest that the charge be substantially this: Even though you believe appellant made the entry in said book, yet, if you further believe that the same was a true entry, *or* that it was made by defendant, if so, with no intent to defraud said grocery company, or if you have a reasonable doubt thereof, you will find him not guilty.

The only other question necessary to be considered is appellant's contention that the court ought to have given a peremptory instruction to acquit appellant because the testimony of the two expert accountants is, in effect, that the entries in the book were correct bookkeeping. His cross-examination of each of these witnesses was very adroit. So is his contention that the effect of their testimony shows that said entry was correct bookkeeping; but to take the testimony of these two witnesses as a whole we think it is not susceptible of the construction he claims, nor do they testify what he claims they do. The effect of their testimony is that, if as a matter of fact, appellant paid out the money of the corporation in payment for the freight on the car of goods shipped to Plainview, then, of course, it would be correct bookkeeping to so make the entry. When they are made to say the entry was correct bookkeeping their testimony was based on the assumption that it was a fact and a truth that the money was so paid out by him for the corporation,— not that it was correct bookkeeping if not founded on a true and real transaction. It is correct bookkeeping and a correct entry in the books only in case it was a true and real transaction; that is, that he in fact paid out the money as freight on said car of goods. If, on the contrary,

as the evidence tends clearly to show, no such transaction really occurred, but that appellant took that much of the grocery company's money, and in order to cover up his own misappropriation, made the entry in the books, then it would be a false and not a true entry, and would not and could not be a correct nor proper entry, nor correct bookkeeping.

We have said this much in view of another trial. On another trial if appellant is convicted the jury can assess confinement in the penitentiary for the time prescribed by the statute, and they would not be limited to that part of the punishment which prescribes a fine only. This offense has no degrees like others wherein if a conviction occurs for the lesser, it is an acquittal for the greater and in a new trial only punishment for the lower can be prescribed.

For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*