## ARTHUR E. SIMS V. STATE

No. 31,717. March 23, 1960
Motion for Rehearing Overruled May 11, 1960

*Jack W. Knight,* and *W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *F. M. Hooey, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment was drawn under Art. 1123 P.C. which makes it unlawful for any person, with intent to defraud, to make or cause to be made any false entry in any book kept as a book of accounts, or to alter or cause to be altered any item of an account kept or entered in such book.

The statute provides as punishment a fine of not less than $100 nor more than $1000 or confinement in the penitentiary for not less than 2 years nor more than 5 years.

The jury found appellant guilty as charged and assessed his punishment at two years in the penitentiary.

The indictment alleged that the false entry was made in a book kept in the course of business of the office of county clerk

of Harris County, Texas, in which entries were made by deputies and employees in said office reflecting and indicating the fee charged and collected for filing and recording instruments filed for record in the county clerk's office, and known as and designated as Daily Report Sheets showing instruments filed and charges therefor.

The false entry was set out as being "1 75", indicating one dollar and seventy-five cents charged and collected as the fee for filing and recording the written instrument bearing the county clerk's file number 1754711, whereas in truth and in fact the amount of Fifteen Dollars and seventy-five cents was charged and collected as a fee for filing and recording such instrument, and such entry should have been 15 75.

The indictment alleged that such entry "1 75" was false; that appellant knew it was false; and that it was made with intent to defraud.

Appellant, the evidence shows, was a deputy county clerk under W. D. Miller who died before the trial.

As such deputy clerk, appellant on May 18, 1957, was head of the department charged with the duty of receiving instruments for filing and recording; determining the fee to be charged and collecting the fee.

The evidence shows that a record was kept and entered on a daily report sheet, each instrument being stamped with a number and the same number being stamped on the report sheet and the amount of fee entered opposite the number.

The amount shown on the daily report sheet was totaled at the end of the day and the amount shown was delivered the next day to the bookkeeper for the county clerk who, in turn, deposited the money with the county treasurer.

The daily report sheets were placed in loose leaf binders until the end of the year when they were checked by the auditor and returned to the clerk's office and, when cleared, were sent out to be bound as permanent records. These daily report sheets were the only record kept as a part of the clerk's office as to money received for recording

The daily report sheet of May 18, 1957, was taken from the

loose leaf folder brought to the courtroom by Assistant County Auditor Patterson, and identified as "the books of account in the billing department of the County Clerk's office for the months of May and June 1957."

Under the evidence the entries made on such sheet were made in a book kept as a book of accounts, as defined in Art. 1123 P.C.

May 18, 1957, was Saturday. Appellant worked four hours that day and made entries on the daily report sheet offered in evidence beginning with Number 1754682 to the end of the list, which was Number 1754717.

On this daily report sheet the Number 1754711 appears under the heading "Number," and opposite, under the heading of "Amount," appears "1 75".

The evidence shows that the fee for recording the deed of trust stamped with this number was $15.75, and the notice from the county clerk and cashier's check in payment were introduced.

Over objection that such evidence showed extraneous offenses, the state introduced evidence showing that nine other false entries were made by appellant on the daily report sheet of May 18, 1957, each indicating the receipt of a lesser amount than was actually received as recording fee.

The principal ground for reversal is the admission of the evidence showing these nine false entries in addition to the false entry alleged in the indictment.

It is to be remembered that the offense charged was the making of a false entry in the book in which entries were made reflecting and indicating the fees charged and collected. All of the 10 false entries were made on the same Saturday and within a four hour period. The total of the entries made represented the amount turned over to the bookkeeper and deposited with the county treasurer. The total of the fees actually collected represented a larger sum, the difference being the amount of money paid to the recording section of the county clerk's office on May 18, 1957, which did not find its way into the county treasurer's office.

As we understand the record, this was one composite transaction by which Harris County was defrauded of money col-

lected for its benefit. All of the false entries made by appellant on the report sheet of May 18, 1957, contributed to the total.

The essentials of the offense charged are the making of a false entry and the intent to defraud. Pope v. State, 75 Tex. Cr. R. 50, 170 S.W. 150.

With the evidence as to all of the false entries made by appellant, the state proved his intent to defraud in making the false entry charged in the indictment.

Had the state been limited in its proof to the entry of "1 75" and proof that in fact the correct charge paid by check for recording was $15.75, appellant would have been in a most favorable position to assert and argue the defense set out in his motion for continuance: "That any entries made by this defendant, including that described in the indictment, could have been made due to error through defendant's highly defective eye-sight, or through clerical error, or through being instructed to make such entry, or entries, by the witness, or others in the County Clerk's office, or made erroneously in attempting to balance the said Daily Report Sheet, and that such entries were not made by defendant with intent to defraud, but merely through honest and common error."

The evidence as to all of the false entries above mentioned was admissible as a part of the same transaction to prove intent to defraud.

A single false entry would not alone (as in the case of taking property in a theft and embezzlement case) give rise to a presumption that it was made with a fraudulent intent. Morriss v. State, 150 Tex. Cr. R. 58, 198 S.W. 2d 901, and Campbell v. State, 163 Tex. Cr. R. 545, 204 S.W. 2d 125, sustain our holding. See also Ernster v. State, 165 Tex. Cr. Rep. 422, 308 S. W. 2d 33.

We do not agree that prosecution could be had upon each of the false entries, and that for such reason they were collateral offenses.

The holding in Gates v. State, 100 Tex. Cr. R. 36, 271 S.W. 632, would seem to apply. There it was held that where the defendant had several forged writings in his possession, conviction for possession of some will bar a prosecution for possession of the others.

A like rule was applied in the early case of Adams v. State, 16 Tex. App. 162. Two animals were branded at the same time by one not their owner. Conviction for the crime of branding one of them was held to bar prosecution for branding the other.

Cases from other jurisdictions to the same effect are cited in 22 C.J.S., p. 423, Sec. 282. In one a conviction for forging an instrument was held to bar prosecution for forgery of another instrument at the same time as a part of a single transaction.

In another it was held that where the defendant is convicted for forging a name to a certain instrument he cannot be prosecuted for forging other signatures to the same instrument.

Another case is cited as holding that were several forged papers are uttered at one time and to the same person, it is one transaction, and a conviction for uttering one is a bar to a trial for uttering another.

The state introduced a statement of appellant to the effect that the recording fee was sometimes worked up by another deputy clerk and he put it on the sheet. Appellant contends that the state thus proved an outstanding hypothesis that the entry laid in the indictment may have been furnished by someone else and entered by appellant without knowledge that such entry was false.

We cannot sustain such contention but point out that it illustrates why the evidence as to all of the false entries made at the time was admissible to prove intent.

The evidence is suficent to sustain the jury's verdict and we find no reversible error.

The judgment is affirmed.