### LEE SADBERRY v. THE STATE.

#### No. 1544. Decided June 22, 1898.

**Plea of Former Conviction—Carving.**

On a trial for assault with intent to murder, where defendant pleaded former conviction, and the facts proved showed that defendant had fired a shot by which he had wounded four parties; that he had been previously tried and convicted for assault with intent to murder one of them; Held, the State having once carved and convicted for the offense growing out of this transaction, defendant's plea was a good plea in bar to any other prosecution growing out of the same act.

APPEAL from the District Court of Tarrant. Tried below before Hon. IRBY DUNKLIN.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Walter B. Scott* and *A. J. Baskin,* for appellant, cited: Quitzow v. State, 1 Texas Crim. App., 47; Simco v. State, 9 Texas Crim. App., 338; Wright v. State, 17 Texas Crim. App., 152; Herera v. State, 35 Texas Crim. Rep., 607.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

When the case was called for trial, he filed a plea of former conviction, setting up the facts. His plea alleges that he had been previously convicted for the same offense under an indictment charging him with an assault with intent to murder J. F. Leath. The indictment in this case charged the assault to murder to have been upon J. B. Leath. Under the first indictment he was convicted, and his punishment assessed at a term of five years in the penitentiary. The judgment is a subsisting valid judgment, and has not been in any way set aside. In other words, the plea upon its face seems to be good. No exception was reserved to it in the court below. It was submitted to the jury by the charge of the court, and found by them to be untrue. Without going into a discussion of the different phases of the matter, we will simply state enough of the facts and matters pertaining to this question to make it clear. Appellant, on account of some indignities heaped upon him during the day by some fishermen on the Trinity River, approached their camp at night, with a loaded gun, while they were seated around the camp fire. There were four in the fishing party. They had been playing a social game of cards, and were sitting close together, when the defendant approached under the cover of the night, and fired upon them. His aim was well directed, for he succeeded in wounding all four of the parties, firing but one shot. His gun was loaded with No. 5 shot and "slugs." J. B. Leath and J. F. Leath were brothers, and were two of the party struck by appellant. Appellant was convicted in the first case of snooting J. F. Leath, and given five years in the penitentiary; placed upon trial for shooting J. B. Leath, and pleaded former conviction. There are other questions raised, which we will not discuss, because, under the state of case made, the plea of former conviction should have been sustained. It was well taken. The State had carved its case, and had secured a conviction, and, having done so, under the state of case disclosed by this record, it was not entitled to a further prosecution. See Simco v. State, 9 Texas Crim. App., 338; Wright v. State, 17 Texas Crim. App., 152. The doctrine laid down in the two cases is the well-settled rule in Texas, and it is not necessary to cite other authorities. The judgment is reversed and the cause remanded.

*Reversed and remanded.*