## MILT DUPREE v. THE STATE.

### No. 3975.    Decided May 26, 1909.

**1.—Local Option—Former Conviction—Statement of Facts.**

Where upon trial for a violation of the local option law the defendant interposed a plea of former conviction, but failed to support the same by the proper evidence; and besides the statement of facts not having been signed by counsel or approved by the court, the same could not be considered on appeal.

**2.—Same—Appeal Pending.**

A plea of former conviction can not be successfully interposed where the judgment plead in bar is suspended by an appeal pending.

**3.—Same—Evidence—Clubroom.**

Upon trial of a violation of the local option law there was no error in excluding testimony that the prosecuting witness was interested financially or otherwise, or assisted in managing or running a club where intoxicating liquors were drank.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant appeals from a conviction had in the County Court of Brown County, on October 6, 1908, convicting him of the unlawful sale of intoxicating liquors in said county.

When the case was called for trial appellant interposed a plea of former conviction for the same offense for which he was charged in this case and .the action of the court in respect to this plea is the principal question in the case. By this plea it was averred that on heretofore, to wit: the 28th day of July, 1908, he was legally convicted upon the accusation as herein charged in a court of competent jurisdiction in, to wit: the County Court of Brown County, Texas, upon an indictment charging him with the sale of intoxicating liquors in said county on said 10th day of the year 1907, and that on the day above named he was in said court legally tried upon the merits of said prosecution and thereafter legally convicted by a verdict and judgment of the court, which is set out at length. It is also alleged that said judgment had not been set aside nor reversed, but remains in full force and effect. It is further recited that the evidence of the witness Couch upon which the judgment as aforesaid was predicated was to the substance and effect that he bought various and sundry drinks of whisky and intoxicants from appellant on or about the date and day alleged in this case, all of which was before the jury in said cause. The charge of the court given in the case upon which the conviction was had was made a part of his plea, in which the general issue was admitted as to a sale by appellant on or about the 10th day of April, 1907, and since the 16th day of November, 1906, to the witness J. C. Couch. The plea concludes with the statement that "the offense for which he is now being prosecuted is, under the law, one and the same transaction and offense as that for which he has heretofore been convicted." On the trial appellant introduced no evidence as to the judgment of conviction, the indictment or the charge of the court in respect to the matter upon which he had theretofore been convicted. We notice also by inspection of this record that the statement of facts is not signed by either the attorneys for the State or appellant, nor is same approved by the court. Under this state of the case, of course none of these matters could properly be considered and it becomes unnecessary to inquire into or discuss the question of the alleged former conviction, nor can we, in the absence of the statement of facts, review the special charges asked. In no event, however, could the former conviction afford appellant any protection. See Dupree v. State, 3976, this day decided.

The only other question raised in the case by a bill of exceptions is to the action of the court in refusing to admit proof that J. C. Couch was interested financially or otherwise, or assisted in managing or running a club in Brownwood, in 1907. This question was discussed by us in the case of Dupree v. State, No. 3963, and it is

unnecessary to burden the opinion in this case with further discussion of it.

Finding no error in the proceedings of the court below, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

BROOKS, JUDGE, absent.