## STATE v. ADOLPH OBERMAN.[1]

June 30, 1922.

No. 22,743.

**Intoxicating liquor—keeping for sale and sale separate offenses.**

1. A conviction on a charge of keeping intoxicating liquor for sale contrary to law is not a bar to a prosecution for the unlawful sale of such liquor. The offenses are not the same.

[1]Reported in 189 N. W. 444.

**When conviction will not be reversed for error in challenging juror.**

2. A conviction will not be reversed for error in sustaining objection to proper questions put to a juror for the purpose of peremptory challenge where the evidence of guilt is uncontroverted and there is no showing that the defendant did not have a fair jury or that the answers to the questions would have revealed any material facts.

**Where conviction will not be reversed for error in cross-examination on minor point.**

3. Where the evidence of guilt is uncontroverted, a conviction will not be reversed for error in sustaining objections to questions asked on cross-examination where the subject is of minor importance and it does not appear whether the answer would have aided defendant.

**Court's comment on evidence of detectives.**

4. There was no error in the comment of the court on the evidence of detectives who testified in the case.

Defendant was indicted by the grand jury of Nobles county charged with the crime of an unlawful sale of intoxicating liquor, tried in the district court for that county before Nelson, J., and a jury which found him guilty as charged in the indictment. From the judgment entered pursuant to the verdict and conviction, defendant appealed. Affirmed.

*Henry S. Mead* and *Mead & Bryngelson*, for appellant.

*Clifford L. Hilton*, Attorney General, *C. H. Christopherson*, Assistant Attorney General, and *John F. Flynn*, County Attorney, for respondent.

HALLAM, J.

Defendant was convicted for the illegal sale of one pint of whiskey to Harry Wall, a detective. The jury found that it was a second offense. The state's evidence was that of two detectives, Wall and another. There was nothing to impeach their testimony, unless it be the fact that they were detectives. They were corroborated by the fact in evidence that defendant had in his possession, at the place where the liquor was alleged to have been sold, 10 gallons of whiskey in a 31-gallon barrel. Defendant offered no evidence in denial of the charge. Had this been a civil case the court would have directed

a verdict against him on this proposition. The only evidence introduced by defendant went to proof of a defense of former jeopardy. Aside from this, the defense was merely a quest for error.

1.  The defense of former jeopardy was not sustained. The former conviction was predicated on a complaint that "goods and chattels, viz: Whiskey, kept for sale contrary to law, * * * [were] concealed in the house of one Adolph Oberman," and it describes the premises where the sale charged in this case is alleged to have been made. It seems clear that the keeping of liquor for sale and the sale of liquor are separate and distinct acts and offenses. Under rules well settled, and well stated in State v. Healy, 136 Minn. 264, 161 N. W. 590, a conviction of one offense does not bar prosecution for the other. It may be necessary or desirable to show sales in order to prove that the liquor was kept for sale, but it does not follow from that fact that the offenses are identical. They clearly are not.

2.  The question arising in State v. Mulroy, supra, page 423, 189 N. W. 441, out of examination of jurors arises in this case. The evidence of guilt is uncontroverted. There is no intimation that the jury was not in all respects a fair jury nor that the examination, if permitted, would have elicited any facts that would have made a peremptory challenge of any juror desirable.

3.  The court sustained objection to the question asked of one of the detectives: "Was your compensation to be increased or diminished by the success of your work?" The answer might properly enough have been permitted. Since it was cross-examination it was not necessary to make an offer of proof. Yet we cannot tell from the record whether the answer would have aided defendant. Had the answer been in the affirmative its probative force would have been of minor consequence. In view of the fact that the evidence as to the main charge is uncontroverted, we are of the opinion that there was here no prejudicial error. Other objections as to the restriction of cross-examination of the detectives seem to us immaterial.

4.  Objection is made to the instructions of the court, particularly to the comment on the testimony of the detectives. The objection centers around the statement that in "liquor cases" it is difficult to get facts from those who buy and it is often necessary to hire

detectives, that the "detective business is a legitimate business, * * * and in their search for evidence it becomes necessary to use deceit," and that "this deceit" which is necessary in getting evidence "is not counted against them or weighed against their testimony when they come to give testimony in the trial." The court further said: "It is legitimate in their business to use that deceit, but when they come to testify in court then they must tell the truth and nothing but the truth. In this case the evidence on the part of the state is from detectives who were employed to search for evidence, and they are entitled to credit for their testimony unless something appears in the testimony that they have testified falsely, not to be based upon what deceit that they used when they were hunting for evidence, but in giving evidence."

Counsel for defendant in taking exception at the conclusion of the charge said: "There has nobody questioned the stories of the private detectives or their profession or character except by cross-examination." The court stated nothing but what everyone, including the jurors, probably well understood. The business of a detective if rightly pursued is an honorable one. Necessarily a detective must use deceit in uncovering facts and that fact alone should not discredit either the man or his testimony. While it was perhaps unnecessary to do so, we think it was not error for the court to admonish the jury of these things. He was not in any sense giving these witnesses a certificate of character.

We must not be understood as countenancing conduct on the part of detectives which incites the commission of crime. It is not likely that the defendant, with his plentiful supply of liquor kept for sale and his record of previous conviction, was being enticed into crime by these witnesses.

Judgment affirmed.

HOLT, J. (dissenting).
For the reasons stated in State v. Mulroy, I dissent.

DIBELL, J. (dissenting.)
I agree with Justice Holt.