RANDALL COLTER v. THE STATE.

No. 7499.   Decided March 28, 1923.

Possession of Intoxicating Liquor—Former Conviction.

Unlawful possession of intoxicating liquor and unlawful selling of same do not necessarily constitute the same offense, and in the instant case the court should have submitted the defendant's plea of former conviction to the jury to determine whether the prior conviction as alleged was for the same or for a different act, and his failure to do so is reversible error. Following Chandler v. State, 231 S. W. Rep., 103.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Wynne & Wynne,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State, *H. R. Young,* County Attorney of Kaufman County, for the State.   Cited cases in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquor.

Appellant presented a plea of former conviction in which it was averred that based upon the identical facts and evidence relied upon by the State in the instant case, he had been convicted of the

sale of intoxicating liquor. The court sustained the exception to the plea on the theory that as a matter of law the possession of intoxicating liquor for the purpose of sale and the sale of the same liquor embraced, in all cases, two offenses. One may possess liquor for the purpose of sale and by selling the liquor become amenable to prosecution for two offenses. Todd v. State, 89 Tex. Crim. Rep., 99, 229 S. W. Rep. 515. In other words, the possession for the purpose of sale may constitute one independent offense and the sale another. The two do not necessarily constitute the same offense. Smith v. State, 90 Tex. Crim. Rep., 237, 234 S. W. Rep. 893. They may, under the facts of a given case, constitute but one transaction, namely, the sale and the coincident possession. When the evidence pertinently and cogently presents such a theory, the court should respond to proper efforts upon the part of the accused to have the jury determine whether the prior conviction was for the same or for a different act. In the instant case, judging by the recitals in his judgment striking out appellant's plea of former conviction, the court rejected the idea that possession and sale might, in any case, constitute but a single offense. We entertain a contrary opinion and believe that in sustaining the exception to the plea of former acquittal, the learned trial judge was in error. The appellant should have been permitted to read the plea to the jury and if there were facts sustaining it, the question of its truth should have been left to jury under appropriate instructions. The cases of Chandler v. State, 89 Texas Crim. Rep., 599, 231 S. W. Rep. 108-110 are not opposed to this conclusion.

Because of the error mentioned, the judgment is reversed and the cause remanded.                                *Reversed and remanded.*

[Rehearing denied May, 1923.—Reports.]