## Jess Whitten v. The State.

### No. 7455.   Decided April 4, 1923.

**1.—Intoxicating Liquor—Unlawful Possession—Former Conviction.**

Where, upon trial of the unlawful possession of intoxicating liquor, defendant pleaded former conviction of the sale of the same liquor which the court refused to submit; *held* reversible error. Following Wright v. State, 17 Texas Crim. App., 158, and other cases,

**2.—Same—Former Acquittal—Former Conviction—Rule Stated.**

Former acquittal is only available in cases where the transaction is the same and the two indictments are susceptible of and must be sustained by the same proof; former conviction, however, only requires that the transaction or the facts constituting it be the same.—Following Simco v. State, 9 Texas Crim. App., 348.

Appeal from the District Court of Red River. Tried below before the Hon. George Morrison.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

From the State's testimony, it is made to appear that the appellant possessed one quart of whisky and sold it to the State witness Jacobs. Appellant testified and denied the transaction but said that he had been indicted and convicted for the sale of the same liquor to the witness Jacobs.

Appellant entered a plea of former conviction which the court refused to submit to the jury. As we understand the plea and the evidence, there was but one transaction. The State having carved out of this transaction the offense of the unlawful sale of the liquor and having secured a conviction for that offense, is precluded by that judgment from carving another offense out of the same transaction. This principle is stated by Presiding Judge White of this court in the case of Simco v. State, 9 Texas Crim. App. 338, and again in Wright's case, 17 Texas Crim. App. 158, with the utmost clearness. In the cases mentioned, the distinction between the plea of former acquittal and former conviction and the facts upon which they must each rest is thus stated:

"*Autrefois acquit* is only available in cases where the transaction is the same and the two indictments are susceptible of, and must be sustained by the same proof. These two elements must combine, and are both *sine qua non* to the sufficiency of the plea. *Autrefois convict* only requires that the transaction, or the facts constituting it, be the same."

Becaue of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*