BASTLE, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—June 5, 1923.*

*Intoxicating liquors: License to sell non-intoxicating liquors: Conviction and revocation of license: Subsequent conviction.*

Defendant having been convicted of a violation of the Severson law, her license to sell non-intoxicating liquors was thereby revoked, and she could not be subsequently convicted under sub. (30), sec. 1543, Stats. 1921 (making it an offense for a person licensed to sell non-intoxicating liquors to have unlawful possession of intoxicating liquors), upon evidence that intoxicating liquor was found in a kitchen next to a room in which she had formerly sold non-intoxicating liquors.

ERROR to review a judgment of the municipal court of Milwaukee county: S. E. SMALLEY, Acting Judge. *Reversed.*

The information charged that on September 10, 1922, the plaintiff in error, hereinafter called the defendant, in Milwaukee county, being then and there licensed to sell non-intoxicating beverages, did, for the purpose of evading the laws of the state of Wisconsin, unlawfully have in her possession certain intoxicating liquors containing more than one half of one per cent. of alcohol.

It was also charged that on September 8, 1922, in the district court of said county, the said defendant was convicted of violating the Severson law (ch. 76*hh,* Stats.), and upon such conviction was sentenced to pay a fine of $100 and costs or imprisonment in the house of correction for thirty days, and that such conviction and sentence still remains of record and unreversed.

The evidence disclosed that intoxicating liquors were found in her possession on her premises in the kitchen next to the room in which she had formerly sold non-intoxicating liquors, and a license for such selling was still there. Her prior conviction of September 8th, as alleged in the information, was a conceded fact.

The jury found the defendant guilty as charged in the information and the court sentenced her to pay a fine of $300 with costs, or in default to be committed to the county jail of Milwaukee county, Wisconsin, until such fine and costs are paid, but not to exceed four months, and *in addition* thereto that she be punished by a jail sentence for three months. (This addition by reason of the former conviction: sub. (32) (a), sec. 1543, Stats.)

To review such judgment defendant sued out this writ of error.

*A. W. Richter* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

ESCHWEILER, J. The information in this case was under the provisions of sub. (30), sec. 1543, Stats. (ch. *76hh*), in substance providing that no person having a license for the sale of non-intoxicating liquors to be sold for consumption on designated premises shall have in his possession or on or about said premises any intoxicating liquors.

By sub. (41), sec. 1543, Stats., defendant's license under which she was operating prior thereto stood revoked, without other proceedings, by her conviction on September 8th of a violation of the provisions of ch. *76hh,* so that she was not, on September 10th, licensed to sell non-intoxicating liquors as she was charged with being in the information.

The general prohibiting terms of this ch. *76hh* are found in sub. (3), sec. 1543, reading:

"After this act becomes operative, the *manufacture, sale* or *transportation* of intoxicating liquors, as herein defined, within, the importation thereof into, or the exportation thereof from the state of Wisconsin, except as may be herein or hereafter provided, *is hereby prohibited.*"

By sub. (32) (d), sec. 1543, it is declared that there shall be no property rights in any liquor unlawfully possessed, or

in any device for the unlawful manufacture of liquor, and further providing that the possession of any still or other contrivance used or capable of being used for the distillation of alcoholic liquors without a permit, or the possession of any mash from which distilled liquor is customarily made, *or the possession of any privately manufactured distilled liquors without such permit, is hereby prohibited,* and the possession of any such still, mash, or liquor shall be *prima facie* evidence of *unlawful manufacture of liquor.*

Upon this last section the State argues that there being no property rights in liquor unlawfully possessed and possession of any privately manufactured liquors without a permit being prohibited, that thereby is to be found a legislative declaration and intent to make such possession by one never or no longer licensed as a dealer in non-intoxicating liquors unlawful, and as much subject to the same penalties as the expressly so declared unlawful possession by a person licensed to deal in non-intoxicating liquors.

The statute, sub. (30), sec. 1543, under which she was prosecuted precisely fixes and defines an offense and plainly requires that two separate elements or conditions must co-exist before it can be said that such offense has been committed and the penalty incurred. One is the possession of unlawful liquor, the other is that the defendant be, at the time of such possession, licensed to sell non-intoxicating liquors.

Such being the statutory requirements, the court is powerless to declare that the offense or an offense exists where one such necessary element or condition is wanting, as was the case here. Neither sub. (32) (d), sec. 1543, *supra,* declaring that unlawful possession of liquor shall be *prima facie* evidence of *unlawful manufacture* of liquor, nor sub. (28), providing that possession of liquor by any person, elsewhere than in his dwelling, without a permit, shall be *prima facie* evidence of *unlawful possession,* strengthens or supports the construction for which the State here contends.

There being shown no violation of the statute under which defendant was prosecuted and sentenced, the conviction must be set aside and the proceedings dismissed.

*By the Court.*—Judgment reversed, with directions to dismiss.