Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment having been assessed at confinement in the penitentiary for two years.
When the case was called for trial appellant interposed a plea of former conviction. It is alleged therein that appellant had been indicted and convicted for the sale of intoxicating liquor to one J.B. Rogers; that the transaction upon which such conviction was based was the same transaction for which the State was then seeking to put him upon trial for the possession of intoxicating liquor for the purpose of sale; that the State would rely upon the same evidence, use the same witnesses and develop the same transaction and no other than that in which the conviction had already resulted for the sale of such liquor. The court declined to entertain the plea upon the theory, we presume, that as a matter of law the possession of intoxicating liquor for the purpose of sale and the sale of the same liquor, in all instances presents two offenses. Attached to the bill of exception presenting this matter for review is the evidence adduced upon the trial of appellant for the sale of the liquor in question. We have examined it and compared it with the statement of facts in the instant case. The testimony in the two cases is practically identical. It is not shown in the trial of the instant case that appellant was in possession of any liquor other than that claimed to have been sold by him to Rogers. The question appears to be identical with the one considered and discussed in Colter v. State, 94 Tex.Crim. Rep., 252 S.W. Rep., 168. It was held in that case that one may possess liquor for the purpose of sale and be guilty of one offense for so doing, and then by selling the same liquor become amenable to prosecution for the sale thereof; that possession for the purpose of sale and then the subsequent sale did not necessarily constitute the same offense, but that they might under a given state of facts constitute a single offense and that the State could carve only once in the latter event. See also Whitten v. State, 94 Tex.Crim. Rep., 250 S.W. Rep., 165; Simco v. State, 9 Texas Crim. App., 346; Wright v. State, 17 Texas Crim. App., 158. The court should not have stricken out appellant's plea of former conviction but should have heard proof thereon and have submitted the question of its truth to the jury, or if there was no issue as to the truth thereof should have directed the jury to find in favor of the plea.
For the error committed the judgment must be reversed and the cause remanded.
Remanded. *Page 207