## J~UAN~ V~AN~ H~ATTEN~ v. T~HE~ S~TATE~.

### No. 7951. Decided March 26, 1924.

#### 1.—Burglary—Delinquent Child—Former Conviction—Waiver.

Where, upon trial of burglary, defendant filed a plea of former conviction in which it is alleged that on December 30, 1921 he was tried and convicted as a delinquent child in the Juvenile Court of Cameron County, and that the offense upon which such conviction was based was the identical offense alleged in the burglary charge, it was reversible error not to have submitted said plea to the jury; the formal errors in said plea having been waived by the State.

#### 2.—Same—Delinquent Child—Rule Stated.

There is no doubt if a juvenile is proceeded against as a delinquent child upon an allegation that he had violated some felony statute, and the charge proceeds to a conviction of delinquency, that he cannot again be prosecuted by the State and convicted of a felony upon the identical offense upon which the delinquency conviction was predicated.

#### 3.—Same—Plea of Former Conviction.

Where the evidence raised the issue it was for the jury to determine whether the conviction as a juvenile delinquent was based upon the burglary charge upon which defendant was then being prosecuted, and while the defendant's plea was demurrable the State having failed to except, the plea should have been submitted to the jury with the proper charge.

Appeal from the Criminal District Court of Cameron. Tried below before the Honorable A. W. Cunningham.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wells & Galbraith,* for appellant.—On question of plea of former conviction: Grisham v. State, 19 Texas Crim. App., 504; Robinson v. State, 21 id., 160; Smith v. State, 18 id., 329; Burks v. State, 24 id., 330.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Appellant is under conviction for burglary.

At the January term, 1922, the District Court for Cameron County an indictment was returned against appellant and one Garcia charging them with burglary alleged to have been committed on the 10th day of October, 1921.

Appellant filed a plea of former conviction in which it is alleged that on December 30, 1921, he was tried and convicted as a delinquent child in the Juvenile Court of Cameron County, and that the offense upon which such conviction was based was the identical offense alleged in the burglary charge.

It is frankly confessed in appellant's brief that the plea of former conviction is insufficient in form and subject to have been stricken from the record upon motion of the State, but this appears to have been waived by the State and evidence was introduced upon said plea. The facts revealed that the officers for some reason were watching appellant and his companion Garcia and saw them commit the burglary upon which the prosecution is based. There was introduced in evidence a judgment of the Juvenile Court of date December 30, 1921, finding appellant to be a delinquent child. The judgment is silent as to the particular criminal acts or charges upon which the prosecution or judgment was based, but it finds appellant to be under seventeen years of age, and recites that he committed acts charged in the information upon which the delinquent proceedings were had. It further appears in evidence that the officer in charge of the records of the Juvenile Court had been unable after a diligent search to find the complaint and information upon which the delinquency proceedings were had, and was unable to remember the specific charge against appellant. It appears, however, from the testimony of one of the officers that he was used as a witness in the delinquency proceedings and, while he was unable to recall the definite charge against appellant, it was his recollection that he detailed to the court at the time of such trial the facts relative to the burglary upon which appellant was tried in the instant case. In this state of the record the learned trial judge declined to submit to the jury to find as a question of fact whether the delinquency proceeding was upon the same criminal act for which he was then being tried as a felon, but on the contrary directed the jury to find appellant's plea to be untrue.

Article 1197 of our Code of Criminal Procedure provides:

"That a delinquent child shall include any male child under 17 years of age . . . who violates any law of this State, or any city ordinance, or who is incorrigible, etc."

Further articles of the Code provide in what manner such alleged delinquent child shall be proceeded against. It is further provided that if an indictment is returned by the grand jury charging a male person under 17 years of age with a felony that the parent,

guardian, attorney or next friend of the juvenile, or the juvenile himself, may file a sworn statement in court setting forth the fact that he is under 17 years of age, and it then becomes the duty of the court to determine this question and if he is found to be under 17 the indictment shall be dismissed and said juvenile shall be proceeded against as a deinquent. That the provisions of the delinquency statute are criminal in their character was decided by this court in Ex parte McDowell, 76 Texas Crim. Rep., 1, 172 S. W. Rep., 213. There is no doubt in our mind if a juvenile is proceeded against as a delinquent child upon an allegation that he had violated some felony statute, and the charge proceeds to a conviction of delinquency that he can not again be prosecuted by the State and convicted of a felony upon the identical offense upon which the delinquency conviction was predicated. This is true whether the felony was charged by an indictment dismissed after a hearing upon the question of juvenility at the suggestion of the parent or guardian of the child or other person permitted by statute to make such suggestion, or whether the State in the first instance, and in the absence of an indictment, exercises the option of proceeding under the delinquency statute. In neither case can the party be convicted twice for the same criminal act whether the result of the conviction be to denounce him as a delinquent or as a felon.

The court was in error in directing the jury to find against appellant on his plea of former conviction. The evidence raised the issue and it was for the jury to determine whether the conviction as a juvenile delinquent was based upon the burglary charge upon which appellant was then being prosecuted. Appellant's plea of former conviction was demurrable but not void. The State failed to except to the plea and the trial court properly permitted appellant to introduce proof in support thereof. Under the circumstances of this case the plea of former conviction was a matter which should have been submitted in the charge of the court directing the jury to determine whether it was true or untrue.

The failure of the court to do this constitutes such error as will require a reversal of the judgement, which is ordered and the case remanded for a new trial.

*Reversed and remanded.*