WINKLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 10—June 23, 1924.*

*Intoxicating liquors: Violation of prohibition act: Possession and sale as separate offenses: Evidence: Sufficiency.*

1. Testimony of one witness as to the possession and sale of intoxicating liquor by the defendant is sufficient to sustain a conviction notwithstanding it was contradicted by the defendant; and although the competency of the witness to testify that the liquor he purchased was intoxicating was meagerly shown, his testimony on that point is sufficient to support the verdict. p. 384.

2. The act of accused, whose rented premises were licensed under sub. (29), sec. 165.01, Stats. 1923, for the sale of non-intoxicating liquor, in selling on such premises intoxicating liquor to a witness by pouring the liquid from a small vessel, was not only a sale in violation of sub. (3), but was unlawful possession within sub. (30), and a conviction may be had on both offenses. p. 386.

3. A conviction on a count charging the unlawful possession of intoxicating liquor on premises licensed for the sale of non-intoxicating liquor is sustained by evidence that the liquor was found under the floor of a garage thirty feet from defendant's building on premises he rented, notwithstanding testimony of the defendant wherein he denied knowledge of the presence of the liquor. p. 387.

ERROR to review a judgment of the circuit court for Jefferson county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

A prosecution under the state prohibition law on a complaint with seven counts.

The first charges the unlawful possession of intoxicating liquor on September 7, 1922.

The second charged an unlawful sale thereof on the same day.

The third and fourth charged similar possession and sale on September 14th, and as to these he was found not guilty by the jury.

The fifth charged unlawful possession on September 29th.

The sixth was for maintaining a public nuisance on September 29th and at divers prior times.

The seventh recited a prior conviction under the same law, and this was conceded.

He was found guilty by the jury on the first, second, fifth, and sixth counts and duly sentenced.

To review the judgment the writ of error issued.

The cause was submitted for the plaintiff in error on the brief of *R. W. Lueck* of Watertown, attorney, and *D. B. Malone* of Waukesha, of counsel, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Otto Kuenzli,* district attorney of Jefferson county.

ESCHWEILER, J.    As to the first and second counts it is claimed by the defendant below that the evidence of the one witness called by the State as to the occurrence on September 7th, contradicted as it is by defendant's own testimony, is insufficient both as to the alleged facts of possession and sale and as to the article sold and possessed, if such were proven, being intoxicating liquor.    The evidence as to the possession and sale was sufficient to support the jury's finding and cannot be disturbed.    The witness who testified as to the sale also testified that in his opinion that which he then purchased was intoxicating liquor.    His competency to testify on that point was but very meagerly shown on his direct examination, but was left in that scanty but nevertheless sufficient attire at the close of his cross-examination and must be held to support the verdict.    *Albert v. U. S.* 281 Fed. 511.

Quite a forcible and plausible contention is made to the effect that a conviction cannot stand in this case on both the first and second counts, the testimony disclosing that the sale was made by the defendant pouring the liquid for several drinks to the witness from a small vessel and with no showing of the possession of any other liquor than that so claimed to have been poured and sold.

The prosecution for the unlawful possession in the first count is presumably under sub. (30), sec. 165.01, Stats. 1923, providing that no person having a license under sub. (29) of the same section for the sale of non-intoxicating liquors shall have in his possession on or about such licensed premises any intoxicating liquors. No direct statement can be found in the record or briefs as to this matter, but from the form of questions asked by counsel for the defendant below on the trial we gather that at the times in question the premises then rented by defendants were such licensed premises and that the case was tried upon that theory and with the conceded and assumed fact of a license being then in force. There is no contention made that the conceded prior conviction charged in the seventh count had revoked such license, as was made in the case of *Bastle v. State,* 181 Wis. 164, 194 N. W. 29.

The prosecution under the second count for an unlawful sale is undoubtedly under sub. (3) of said sec. 165.01, which subsection provides, among other things, that the sale of intoxicating liquors within the state of Wisconsin is prohibited.

Defendant below has cited several cases to our attention on this point, none of which, however, we deem controlling in his favor. Among these are *Muncy v. U. S.* 289 Fed. 780, that proof of one sale at a private residence will not support a conviction for maintaining a nuisance; *Stevens v. McClaughry,* 207 Fed. 18, holding that a double sentence was void for larceny of a mail pouch and the larceny and embezzlement of the registered letters and contents therein contained, as being parts of a single, continuing criminal act. This case, however, cannot be reconciled with later federal cases hereinafter cited. *Whitten v. State,* 94 Tex. Crim. Rep. 144, 250 S. W. 165, held that after a conviction for an unlawful sale of intoxicating liquor there cannot be a subsequent prosecution and conviction for the unlawful possession of the same liquor. *In re Snow,* 120 U. S. 274, 7 Sup. Ct. 556, decided that a continuous period of cohabit-

ing with more than one woman could not be separated into three different periods by three several indictments.

There is apparent, under the statutory provisions here involved and above cited, an intention to describe the unlawful sale of intoxicating liquor as one offense; the possession of such liquor in licensed premises, whether sold or not, another. The possession prior to the sale was unlawful and an offense; the sale created a new and independent violation of the statute. The sale would be unlawful though the possession might have been lawful. The unlawfulness of the one was not dependent, therefore, upon the other being also unlawful. This makes the substantial distinction between the offenses here charged separately and such offenses as burglary and larceny, sometimes held to be such that but one punishment can be inflicted.

The subject is fully discussed in *Morgan v. Devine*, 237 U. S. 632, 35 Sup. Ct. 712, holding that breaking into a postoffice and then and there stealing property of the Postoffice Department may, under the statute, be separately charged and punished; *Ebeling v. Morgan*, 237 U. S. 625, 35 Sup. Ct. 710, successive cuttings of different mail bags on the same occasion may be separately considered. In *Bell v. U. S.* 285 Fed. 145, a defendant was held properly convicted on a count charging unlawful transportation of liquor and on another for its unlawful possession. In *Fassolla v. U. S.* 285 Fed. 378, three counts were upheld for unlawful sale, unlawful possession, and maintaining a nuisance as to the same several sales. A similar view was upheld in *Massey v. U. S.* 281 Fed. 293; *Singer v. U. S.* 288 Fed. 695, 697; *Ex parte Poole*, 273 Fed. 623. Among the decisions of state courts so holding are *State v. Oberman*, 152 Minn. 431, 189 N. W. 444; *Middleton v. Comm.* 198 Ky. 626, 249 S. W. 775; *Vellis v. State*, 28 Ga. App. 468, 111 S. E. 683. Where conspiracy is the offense being prosecuted, the several overt acts involved are not the subject matter of several separate offenses, and the distinction be-

tween that and the situation here is pointed out in *U. S. v. Weiss,* 293 Fed. 992, 994; *Murphy v. U. S.* 285 Fed. 801, 816; *Braden v. U. S.* 270 Fed. 441. We find no error in this ruling of the trial court.

The fifth count, charging the unlawful possession of intoxicating liquor by defendant on his premises on September 25th, is based upon the result of a search and the finding of liquor concealed under the floor of the garage, standing some thirty feet away from the defendant's building but on the premises he rented. Defendant was not then present and denied knowledge of any such storage. Defendant also testifies that he had just rented the garage to some unknown man, not seen since the search and who alone had the key. It is urged that the proof of defendant's possession of the liquor so found is not sufficient to support the conviction. In view of all of the testimony, however, we cannot reverse the finding of guilty either as to the fact or the law.

Under the sixth count the defendant was convicted of maintaining a nuisance. As to this it is contended that the evidence is insufficient. We cannot reverse on this ground. The questions of law have been so recently and fully discussed in an opinion by Mr. Justice DOERFLER in *State ex rel. Att'y Gen. v. Thekan, ante,* p. 42, 198 N. W. 729, that nothing more need now be said.

*By the Court.*—Judgment affirmed.