DONNA COON V. THE STATE.

No. 8460. Decided June 25, 1924.

**1.—Possession of Intoxicating Liquor—Former Conviction—Former Jeopardy.**

Where the State's contention was that because in one indictment the offense charged was transportation and in the other possession for the purpose of sale, and, therefore, different offenses were necessarily charged, the same is unsound, as the State relied upon the same criminal act in both cases, and two convictions could not legally be obtained, although charged in the same indictment in different counts. Following: Coulter v. State, 94 Texas Crim. Rep., 144, and other cases.

**2.—Same—Former Conviction—Suspended Sentence—Final Judgment.**

In the application of the law which prevents a subsequent prosecution for the same offense where there has been a former conviction necessarily leads to construing a conviction with a suspended sentence as final in the sense that it will support a plea of former conviction, and the action of the trial court in striking out the plea of former conviction and former jeopardy, and refusing to submit same to the jury, is reversible error.

· Appeal from the District Court of Uvalde. Tried below before the Honorable R. H. Burney.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*D. H. Jones,* and *G. B. Fenley,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, JUDGE.—Appellant was charged with the possession of intoxicating liquor for the purpose of sale, the offense being alleged as of date October 5, 1923. Upon conviction, punishment was assessed at confinement in the penitentiary for one year.

. Appellant interposed a plea of former conviction alleging that he had theretofore been indicted for the transportation of intoxicating liquor on said 5th day of October, 1923, had been tried thereon and legally convicted, and upon application and proof that he was under 25 years of age his sentence had been suspended. A copy of the former indictment, judgment of the court and order releasing him upon his personal recognizance under the suspended sentence law were made a part of said plea; it was further alleged therein that the offense of which appellant was so convicted and the offense charged against him in the present indictment was one and the same transaction and offense and not another and different transaction and offense. The State through her district attorney filed exceptions to appellant's plea on the ground: first, that the plea itself showed that the sentence in the former cause was suspended and that therefore no final judgment had resulted, and that the proceedings in that cause would not support appellant's plea of former conviction; second, because the plea did not show that the former prosecution was based upon the same offense, he being therein charged with the "transportation" of intoxicating liquor and in the present case charged with "possession of intoxicating liquor for the purpose of sale;" and that they were different offenses although growing out of the same transaction. The State's exceptions were sustained, appellant's plea stricken out, not permitted to be read to the jury, nor any evidence admitted thereon. After this action of the court appellant then filed a plea of former jeopardy in bar of the present prosecution, setting up therein identically the same matters as were contained in his plea of former conviction. The State excepted to the plea of former jeopardy for the same reasons that were urged to the plea of former conviction; the plea of former jeopardy was likewise stricken from the record, not permitted to be read to the jury nor any evidence heard thereon.

The State's contention is not sound that because in one indictment the offense charged was "transportation" and in the other "possession for purpose of sale," therefore different offenses were necessarily charged. If the State relied upon the same criminal act in both cases two convictions could not legally be obtained. Both offenses could be charged in the same indictment in different counts, and a conviction had upon either one or the other. but the State could carve but once; it would be otherwise if the two offenses charged were based upon separate criminal acts. Whether this was true would necessarily depend upon the evidence offered in support of the plea, and in refusing to entertain the plea upon the ground that upon its face it disclosed different offenses the court was in error. The evidence should have been received upon the issue and the question submitted to the jury under appropriate instructions unless the first ground of the exceptions to the plea is maintainable. Plunk v. State, 96 Texas Crim. Rep., 205, 256 S. W., 922; Colter v. State, 94 Texas Crim. Rep., 96. 252 S. W., 168; Whitten v. State, 94 Texas Crim. Rep., 144, 250 S. W., 165; Sinco v State, 9 Texas Crim. App., 346; Wright v. State, 17 Texas Crim. App., 158.

Was the judgment granting appellant the benefit of the "suspended sentence law" upon conviction under the first indictment such a judgment as would support a plea of former conviction? We are not unmindful of the rule that a conviction to be available in bar of another prosecution for the same offense must be a "final conviction,"—(See Dupree v. State, 56 Texas Crim. Rep., 387, 559, 562, 120 S. W., 871, and authorities therein cited; also Harvey v. State, 57 Texas Crim. Rep., 5; Philips v. State, 72 Texas Crim. Rep., 160, 164 S. W,, 1004; other cases to the same effect will be found collated under Section 630, Branch's Ann. P. C.),—in the sense that no appeal is pending therefrom, but no appeal is allowed where a sentence is suspended at a defendant's request. Bierman v. State, 73 Texas Crim. Rep., 284, 164 S. W., 840. We are not advised of it if this court has ever heretofore been called upon to discuss the exact question now before us. In Hill v. State, 92 Texas Crim. Rep., 312, 243 S. W. 982 it was held that the term "conviction of a felony" as used in the Suspended Sentence Law, (Art. 865, b, C. C. P.) included a conviction in which the sentence was suspended It is true the conviction is not final in the sense that the State can enforce punishment by confinement in the penitentiary, but it is final in that the State is not permitted to take any further action in the matter except upon a subsequent conviction for another felony. All other provisions of the suspended sentence law as they relate to any further action after the conviction and suspension of sentence is for the benefit of accused and must come upon his motion after the period of suspension has terminated. In the application of the law which prevents a subsequent prosecution for the same offense where there has

been a former conviction, necessarily leads to construing a conviction with a suspended sentence as "final" in the sense that it will support a plea of former conviction. In this respect it may be regarded as an exception to the general rule. The unsoundness of the proposition contended for by the State in the lower court will be apparent from an illustration: A and B are jointly indicted and jointly tried for "transporting" intoxicating liquor; both are convicted; A is under 25 years of age, therefore entitled to (Acts 1st C. S., Ch. 61, 37th Leg.) and does ask for, and received a suspended sentence of one year; B is over 25 years of age, therefore not entitled to a suspended sentence and is condemned to one year in the penitentiary; they are again jointly indicted and put upon trial for the same act, but this time charged with "possessing for the purpose of sale;" both interpose pleas of former conviction; B's plea is sustained because his former conviction is final; A's plea is overruled because his former conviction is not final by reason of the suspension of his sentence; he cannot again ask that his sentence be suspended for the law forbids it because he is already under conviction for a felony, and, he is convicted under the second indictment, thereby rendering him liable to have the suspension in the first case set aside, and sentence passed upon him in the first case as well as in the last, thereby suffering a double penalty and destroying in this indirect manner the purpose and effect of the suspended sentence law. We think the learned trial judge fell into error in striking out the plea of former conviction. Evidence thereon should have been received and if undisputed that both prosecutions were based upon the same criminal act the jury should have been directed to find for appellant upon the plea, and if an issue was raised relative to the question it should have been submitted to the jury under proper instructions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*