Elbert Gates, alias J. E. Tomplin, alias, J. K. Thompson v. The State.

No. 9151.    Delivered April 22, 1925.

Possession of Forged Checks—Jeopardy—Sustained.

Where appellant was shown to have been in possession of certain forged checks, there being nine in number, and having been tried and convicted for the possession of one of said checks, such conviction was a bar to any further prosecution growing out of his possession of the nine checks, such possession being but one offense, the court erred in failing to sustain his plea of former conviction in this case. Following Coon v. State, 263 S. W. 914 and other cases cited.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for unlawfully having in his possession a certain forged check; penalty, two years in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart,* and *Jno. T. Kitching,* all of Beaumont, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jefferson County for the offense of unlawfully, knowingly and fraudulently having in his possession a certain forged check with the intent to use and pass the same as true, and his punishment was assessed at confinement in the penitentiary for a term of two years.

Appellant presented in proper form a plea of former conviction, in which he alleged that he was indicted by the Grand Jury of Jefferson County and convicted in causes Nos. 7215 and 7217, in which cases he was charged with the possession of forged instruments, and by proper averment alleged that said cases were the same transaction on which he was being tried in this case. The record fails to disclose that any demurrer or other plea controverting said plea was filed by the State. Upon hearing said plea of former conviction the court overruled the same, to which action of the court the defendant duly excepted, and presents same for the consideration of this court.

We find in the Statement of Facts an agreed statement entered into in proper form between the defendant and his counsel and the State, which shows that at the time the defendant was arrested and the instrument set out in the indictment in his case was taken from him there were several other instruments taken from his possession at the time similar to the instrument set out in this indictment, and being nine in number in all, and that defendant has been tried for the possession of three of the instruments taken from his possession, before a court of competent jurisdiction and upon a valid indictment charging him with the possession of forged instruments, with intent to pass the same, and that said causes were numbered 7215, 7217 and 7218 upon the docket of the Fifty-eighth District Court of Texas, and that upon the trial of No. 7215 the defendant was convicted by a jury upon his plea of not guilty and received a punishment of two years in the penitentiary, but that his sentence upon the recommendation of the jury was suspended in that case,

and that in said cause No. 7215 no appeal was taken and that same is a valid judgment of conviction condemning the defendant to two years' confinement in the penitentiary, with the sentence suspended.

The above facts show that there was but one transaction. The State, having carved out of this transaction cause No. 7215 and having secured a conviction for that offense, is precluded by that judgment from carving another offense out of the same transaction. Where the transaction and proof are both the same, then only one trial can be had, regardless of the outcome, whether it is an acquittal or a conviction. The offense in this case as defined by the statute consists in knowingly having in possession the forged instrument of writing with the intent to use or pass it as true; and the having of the nine forged instruments in his possession at the same time no more constituted nine separate offenses than would the having of nine stolen ten-dollar bills in his possession constitute nine separate offenses under an indictment charging him with receiving and concealing stolen property. From what has been said it follows that in our opinion the court erred in overruling appellant's plea of former conviction, and that, on the contrary, the same should have been sustained. Coon v. State, 263 S. W. 914; Van Hatten v. State, 260 S. W. 581; Whitten v. State, 250 S. W. 165; Sadberry v. State, 46 S. W. 639.

For the error above discussed, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.