"When I drew this $300 cash out of the bank, * * * I gave it to the defendant Sparks here."

In another place the witness Foreman testified:

"At the time that Morris told me if I didn't pay it I wouldn't get home alive, Sparks told me that they would poison my stock."

During his cross-examination witness Foreman said:

"In that same conversation there on the corner, Sparks threatened to poison my stock; he said my stock would be killed if I didn't do it," (meaning did not pay the money).

These facts are stated to show the correctness of what was said by us in the former opinion.

[4] Statements in the brief and argument of appellant relative to the disposition made of cases against appellant's codefendants have no place in the record here, and can have no weight with us in considering the correctness of our former disposition of this case. It is also insisted that the talking between prosecuting witness and the three men, implicated and engaged in the alleged threatening, was done by one Morris, and that very little was said by this appellant. We are unable to see how this could absolve appellant if his guilty connection with the making of the threats is shown, and that he acted with Morris and was present indorsing, backing up, and participating with Morris in the criminal transaction. We have again reviewed those bills of exception which we declined to consider because of their being in question and answer form, and are confirmed in the correctness of our disposition of same.

[5, 6] Appellant also renews his insistence that we should have reversed the case because of misconduct of the jury. The matter has received our careful consideration. The bill of exceptions presenting this complaint sets out the testimony of three jurors. There is no statement in the bill apprising this court in any way of the fact that the matter discussed by the jurors, as testified to by those who were produced as witnesses on the hearing of the motion for new trial, was not germane to or part of the testimony introduced upon the trial. The bill itself is full of statements of questions and their answers, and of the statements of appellant's attorneys that they excepted, without any statement of the grounds of such exceptions or objections. We regret that we cannot vary the rules applicable to bills of exception which require that this court find from the bill itself that which explains the error of the matter complained of. If we were permitted or required to look to the statement of facts to ascertain the correctness of the statement of grounds of objection in a bill of exceptions, where the statement of facts was short, we could not consistently refuse to look through a statement of facts of 800 pages in order to try to find whether the grounds stated in a bill of exceptions were true. The rules in this regard have been adhered to for many years and are well understood. They apply to appellant's bill relating to misconduct of the jury. We have no means of ascertaining from the bill whether the statements testified to by the jurors were pertinent or not to the testimony heard on the trial.

Being unable to agree with appellant in any of his contentions, the motion for rehearing will be overruled.

---

## GATES v. STATE.  (No. 9151.)

(Court of Criminal Appeals of Texas. April 22, 1925.)

Criminal law ⟞200(5)—Conviction for having in possession forged instruments held bar to subsequent action on another instrument possessed at same time.

Where accused had 9 alleged forged checks in pocketbook with intent to use them, conviction for possession of some of them barred prosecution for possession of others, as the carrying of the several instruments constituted but one transaction.

Commissioners' Decision.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Elbert Gates, alias J. E. Tomplin, alias J. K. Thompson, was convicted of unlawfully, knowingly, and fraudulently having in possession a forged check with intent to use and pass the same as true, and he appeals. Reversed and remanded.

Howth, Adams & Hart and Jno. T. Kitching, all of Beaumont, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Jefferson county for the offense of unlawfully, knowingly, and fraudulently having in his possession a certain forged check with the intent to use and pass the same as true, and his punishment was assessed at confinement in the penitentiary for a term of two years.

Appellant presented in proper form a plea of former conviction, in which he alleged that he was indicted by the grand jury of

Jefferson county and convicted in causes Nos. 7215 and 7217, in which cases he was charged with the possession of forged instruments, and by proper averment alleged that said cases were the same transaction on which he was being tried in this case. The record fails to disclose that any demurrer or other plea controverting said plea was filed by the state. Upon hearing said plea of former conviction, the court overruled the same, to which action of the court the defendant duly excepted, and presents same for the consideration of this court.

We find in the statement of facts an agreed statement entered into in proper form between the defendant and his counsel and the state, which shows that at the time the defendant was arrested and the instrument set out in the indictment in this case was taken from him, there were several other instruments taken from his possession at the time similar to the instrument set out in this indictment, and being nine in number in all, and that defendant has been tried for the possession of three of the instruments taken from his possession, before a court of competent juridiction and upon a valid indictment charging him with the possession of forged instruments, with intent to pass the same, and that said causes were numbered 7215, 7217, and 7218 upon the docket of the Fifty-Eighth district court of Texas, and that upon the trial of No. 7215 the defendant was convicted by a jury upon his plea of not guilty and received a punishment of two years in the penitentiary, but that his sentence upon the recommendation of the jury was suspended in that case, and that in said cause No. 7215 no appeal was taken and that same is a valid judgment of conviction condemning the defendant to two years' confinement in the penitentiary, with the sentence suspended.

The above facts show that there was but one transaction. The state, having carved out of this transaction cause No. 7215 and having secured a conviction for that offense, is precluded by that judgment from carving another offense out of the same transaction. Where the transaction and proof are both the same, then only one trial can be had, regardless of the outcome, whether it is an acquittal or a conviction. The offense in this case as defined by the statute consists in knowingly having in possession the forged instrument of writing with the intent to use or pass it as true; and the having of the nine forged instruments in his possession at the same time no more constituted nine separate offenses than would the having of nine stolen ten-dollar bills in his possession constitute nine separate offenses under an indictment charging him with receiving and concealing stolen property. From what has been said, it follows that in our opinion the court erred in overruling appellant's plea of former conviction, and that, on the contrary,

the same should have been sustained. Coon v. State, 97 Tex. Cr. R. 645, 263 S. W. 914; Van Hatten v. State, 97 Tex. Cr. R. 123, 260 S. W. 581; Whitten v. State, 94 Tex. Cr. R. 144, 250 S. W. 165; Sadberry v. State, 39 Tex. Cr. R. 466, 46 S. W. 639.

For the error above discussed, it is our opinion that the judgment of the trial court should be reversed, and the cause remanded.

PER CURIAM. The foregoing, opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.