## WILL PHILLIPS V. THE STATE.

No. 11565.  Delivered May 2, 1928.

**Transporting Intoxicating Liquor—Former Acquittal—Erroneously Omitted in Charge.**

Where, on a trial for transporting intoxicating liquor, appellant presented a plea of former acquittal averring that the identical whiskey for which he was being tried for transporting was the same whiskey involved in his prosecution in Henderson County; that the same witnesses, who testified on the instant trial, testified in Henderson County, and that the transactions were the same, and these facts having been established, it was error for the court to fail to submit this issue to the jury. See Coon v. State, 263 S. W. 914.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Justice & Sigler* of Athens, and *Jas. M. Shields* of Canton, for appellant. On plea of former jeopardy, appellant cites: Cotton v. State, 252 S. W. 168; Plunk v. State, 256 S. W. 922; Comm. v. Wilkerson, 258 S. W. 297; Williams v. State, 125 S. W. 42, and State of Louisiana v. Roberts, 24 L. R. A. 1122.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year.

The transaction out of which the prosecution grew occurred near the line between Henderson and Van Zandt Counties. Appellant was tried in Henderson County on the 13th day of September, 1927, for the offense of possessing intoxicating liquor for the purpose of sale. The present trial was had in Van Zandt County on the 5th day of October, 1927. Appellant filed what

he denominated a plea in bar wherein it was averred, in substance, that he had theretofore been indicted and acquitted in Henderson County of the offense of possessing intoxicating liquor for the purpose of sale; that the transaction upon which such acquittal was had was the same transaction for which the state was then seeking to place him on trial; that the state would rely upon the same evidence, use the same witnesses and develop the same transaction and no other. The proof heard during the trial of the instant case raised the issue that the whiskey for which appellant was under indictment for transporting was the same whiskey involved in the prosecution in Henderson County; that the same witnesses who testified on the instant trial testified in Henderson County to the purchase of said whiskey, and that the transaction was the same. It was not shown in the trial of the instant case that appellant was in the possession of any liquor in Henderson County other than that claimed in the present case to have been transported. The court refused to permit the jury to consider the plea. The court's action in the premises is assigned as error and properly presented by bill of exception. We must sustain appellant's contention. If the state relied upon the same criminal act in both cases, the jeopardy had attached. Coon v. State, 263 S. W. 914. The issue should have been submitted to the jury under appropriate instructions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.