ALBERT DOHERTY v. THE STATE.

No. 12898.   Delivered January 8, 1930.
Rehearing denied February 12, 1930.
Reported in 24 S. W. (2d) 60.

The opinion states the case.

*J. L. Goodman* of Franklin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Witness Theodore Shipper testified to riding in a car with appellant some six or seven miles.   He testified to drinking whiskey from a soda water bottle given him by appellant and that when the end of the journey was reached, the appellant took a half gallon fruit jar with whiskey in it from the car.   He was corroborated in part by other witnesses.   We deem the evidence amply sufficient to show the commission of the offense.

The only question worthy of discussion found in the record is the action of the Court with reference to appellant's plea of former jeopardy.   Before announcing ready for trial, appellant filed this plea, attached thereto certified copy of indictment for the transportation of intoxicating liquor, together with certified copy of verdict showing his acquittal.   He alleged that the facts and circumstances of this case were identical with those of the instant case and asked that the indictment be quashed and in the alternative that the issue of former jeopardy be submitted in the Court's charge to the jury.

A demurrer to this plea was filed by the State and sustained by the Court. The bill of exception presenting this matter is qualified by the Court in the following language:

"The Court in overruling defendant's plea in abatement, stated that the defendant had the right, and would be permitted to offer proof and submit the matter of former jeopardy to the jury. No proof was offered as to former jeopardy and no charge offered submitting former jeopardy to jury; no exception was taken to the main charge in failing to submit former jeopardy."

The offenses of transporting intoxicating liquor and of possessing same for sale do not necessarily but might involve the same criminal act so as to make an acquittal of one a bar to any subsequent prosecution for the other. Coon v. State, 97 Tex. Crim. Rep. 646; Phillips v. State, 4 S. W. (2nd) 1056. Whether two such offenses arose out of the same criminal act would depend upon proof, which the record here shows appellant declined to make. We are bound by the Court's qualification to appellant's bill, which specifically recites that appellant would be permitted to offer proof and submit the matter of former jeopardy to the jury and that he declined so to do. If the Court had refused to hear evidence, as was done in the Coon case, supra, a different question would be presented. In view of the Court's qualification, this bill presents no error.

Bill of Exception No. 4 relates to evidence clearly admissible for the purpose of impeachment and its importance does not seem to justify the consumption of space in discussion.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Without reviewing the facts, the opinion is expressed that on the original hearing the proper judgment was rendered.

The motion for rehearing is overruled.

*Overruled.*