## W. N. EPROSON v. THE STATE.

No. 19957. Delivered December 21, 1938.

The opinion states the case.

*Estes & Estes,* of Granbury, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale whisky in dry territory, the punishment being a fine of $100.00. It was alleged by proper averments that Hood County was "dry area," and particularly charged that in said county on the 4th day of January, 1938, appellant unlawfully possessed for the purpose of sale forty-eight pints and thirty-six quarts of whisky.

The evidence shows that two employees of the Texas Liquor Control Board followed appellant from Fort Worth in Tarrant County where the whisky had been placed in appellant's car, to Granbury in Hood County, at which place appellant was arrested and the whisky described taken possession of and turned over to the sheriff of Hood County.

When this case was called for trial appellant filed a plea of former conviction, and also a plea of former jeopardy, averring in both of said pleas that he had theretofore in cause No. 4290 been convicted in the same court for transporting intoxicating liquor in dry territory, and that said prosecution was for the same act and transaction and related to the same whisky upon which the instant prosecution was based. Attached to said pleas were certified copies of the information in cause No. 4290 which charged appellant with transporting "48 pints and 36 quarts of whisky" in said Hood County on the same date alleged in the instant case, and describing the whisky in the exact language as it is here now described. Also attached to each of

said pleas was a certified copy of the judgment in said cause No. 4290 which showed that appellant entered a plea of guilty and was fined $150.00 and assessed a jail sentence of thirty days.

Upon objection by the prosecuting attorney the trial court declined to permit the appellant to read either of said pleas to the jury or to introduce evidence in support thereof. However, we observe that in the evidence of the two witnesses for the State they testified that the liquor involved in the instant case was the same liquor to which "the defendant plead guilty in that first case," being No. 4290.

Article 8, C. C. P. (1925), reads, in part: "No person for the same offense shall be twice put in jeopardy of life or liberty * * * ."

Article 508, C. C. P. (1925), reads, in part:

"The only special pleas which can be heard for the defendant are:

"1. That he has been convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense. * * * ."

We think in opposing appellant's pleas and in sustaining such opposition the prosecuting attorney and the trial judge fell into the same error evidenced in Coon v. State, 97 Texas Crim. Rep. 645, 263 S. W. 914, in which case this Court said:

"The State's contention is not sound that, because in one indictment the offense charged was 'transportation,' and in the other 'possession for purpose of sale,' therefore different offenses were necessarily charged. If the State relied upon the same criminal act in both cases, two convictions could not legally be obtained. Both offenses could be charged in the same indictment in different counts, and a conviction had upon either one or the other, but the State could carve but once; it would be otherwise if the two offenses charged were based upon separate criminal acts. Whether this was true would necessarily depend upon the evidence offered in support of the plea, and in refusing to entertain the plea upon the ground that upon its face it disclosed different offenses the court was in error. The evidence should have been received upon the issue and the question submitted to the jury under appropriate instructions unless the first ground of the exceptions to the plea is maintainable. Plunk v. State, 96 Texas Crim. Rep. 205, 256 S. W. 922; Colter v. State, 94 Texas Crim. Rep. 96, 252 S. W. 168; Whitten v. State, 94 Texas Crim. Rep. 144, 250 S. W. 165; Simco v. State, 9 Texas App. 346; Wright v. State, 17 Texas App. 158."

In addition to the cases cited in the foregoing quotation see also Phillips v. State, 109 Texas Crim. Rep. 523, 4 S. W. (2d) 1056; Doggett v. State, 130 Texas Crim. Rep. 208, 93 S. W. (2d) 399. We take the following excerpts from the opinion in the latter case.

"Against a subsequent trial for his life or liberty, when it appears, as in the present instance, that the State for the second conviction of the appellant relies upon the same evidence upon which it had previously convicted him in the first trial, the conviction can not stand. * * *

"The facts shown by the record, in our opinion, portray a marked and definite illustration of the application of the principle that when one has been convicted, the State can not, upon the same evidence, again convict him of the same act of which he has previously been convicted." (Page 405.)

We pretermit discussion of other questions raised, but are of opinion that the one already considered is decisive of the case.

For the error discussed the judgment is reversed and the cause remanded.